

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR - 3 2012

CLERK, U.S. DISTRICT COURT
By _____ 3:51pm
                        Deputy

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MANSFIELD HELIFLIGHT, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **4-12CV-203-A** |
| **vs.** | § | |
| | § | _____ |
| | § | **Civil Action Number** |
| **GRIZZLY HELO LEASING, LLC,** | § | |
| **BELL HELICOPTER TEXTRON,** | § | |
| **INC. and UNITED STATES AVIATION** | § | |
| **UNDERWRITERS, INC.** | § | |
| **Defendants.** | § | |

## DEFENDANT UNITED STATES AVIATION
## UNDERWRITERS, INC.'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **COMES NOW**, Defendant United States Aviation Underwriters, Inc. (hereinafter "USAU") filing this notice of removal pursuant to 28 U.S.C. §1446(a).

### I.
### INTRODUCTION

1.    Plaintiff is Mansfield Heliflight, Inc.; Defendants are Grizzly Helo Leasing, LLC, Bell Helicopter Textron, Inc., and United States Aviation Underwriters, Inc. *See* Plaintiff's Original Petition, attached as Exhibit "A".

2.    On March 23, 2012, Plaintiff filed Cause No. 352-258542-12, *Mansfield Heliflight, Inc. v. Grizzly Helo Leasing, LLC, Bell Helicopter Textron, Inc. and United States Aviation Underwriters, Inc.*, in the 352nd Judicial District Court of Tarrant County, Texas (the "State Court Action"). Plaintiff's suit alleges numerous causes of action and seeks a declaratory judgment relating to its purchase of a Bell 407 Helicopter (the "Aircraft") for $169,000.00. *See* Exhibit "A".

---

## II.
## REMOVAL IS TIMELY

3.      On or about March 26, 2012, counsel for Defendant USAU received a copy of Plaintiff's state court complaint; however to date Defendant USAU has not been served with the summons or complaint. If a suit is removable when it is filed, the deadline for filing the notice of removal is within 30 days after receiving both the summons and a copy of the complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). If the complaint is filed before the summons is served, the 30-day removal period begins on the date the summons is served. *Murphy Bros.*, 526 U.S. at 354. Accordingly, Defendant USAU files this notice of removal within the time period required by 28 U.S.C. §1446(b).

## III.
## BASIS FOR REMOVAL

4.      Removal is proper because (1) Plaintiff's suit involves a federal question, and (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

5.      Removal is proper because plaintiff's suit involves a federal question. 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff's claims arise under, seek an opinion construing, substantially relate to, and affect the federal statute and regulations regarding the recordation of aircraft title (49 U.S.C. § 44107) and the Federal Aviation Act. *Philko Aviation v. Shacket*, 462 U.S. 406, 409-410 (1983) (federal recordation system preempts state law). As such, these claims involve a substantial federal question and implicate this Court's federal question

jurisdiction.

6.      Additionally, Removal is proper because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). The United States district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states." 28 U.S.C. § 1332(a). Any civil action brought in State court "of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.      At the time of removal, Plaintiff was a citizen of Vermont, and no defendant was or is a Vermont citizen. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951) (court's removal jurisdiction is determined by examining the record as it stands when the notice of removal is filed). Specifically, Plaintiff's State court complaint states Plaintiff Mansfield Heliflight, Inc. is a Vermont corporation with its principal place of business also in Vermont, Defendant Grizzly Helo Leasing, LLC is a corporation organized and existing under the laws of the State of Montana, Defendant Bell Helicopter Textron, Inc. is a Delaware corporation with its principal place of business in Texas, and Defendant USAU is a New York corporation. *See* Plaintiff's Original Petition, ¶¶2-5, 8. Defendant Grizzly is a citizen of the State of Montana with its principal place of business in Montana and Defendant USAU is a citizen of the State of New York with its principal place of business in New York; Plaintiff does not allege that Defendant Grizzly or USAU are citizens of Texas or have their principal place of business in Texas. *Id.* Additionally, the amount in controversy exceeds $75,000, excluding interest and costs, as Plaintiff's complaint arises from the purchase of an "Aircraft for $169,000.00," alleges Plaintiff was damaged and its

property rights were "adversely affected" by Defendants' acts, and asks the court to "determine and declare [Plaintiff] owns all right, title, and interest" in the Aircraft and award "Plaintiff's actual losses". *See* Plaintiffs' Original Petition, ¶¶ 15, 41-57, Prayer. Accordingly, this suit meets the jurisdictional requirements for a diversity action in federal court, and the removal criteria of § 1441(a) is satisfied.

8.      Moreover, that Defendant Bell Helicopter Textron, Inc. has its principal place of business in Texas does not prevent removal of this case because it was not "properly joined and served" at the time of removal. Under section 1441(b), also referred to as the "forum-defendant rule", a suit cannot be removed if one of the defendants, who is properly joined and served, is a citizen of the state where the suit was filed even though there is complete diversity between the parties." 28 U.S.C. § 1441(b)(2); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir.2009); *see Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir.2006); *see Hurley v. Motor Coach Indus.*, 222 F.3d 377, 380 (7th Cir.2000). Section 1441(b) states, plainly, that removal is only barred when a forum state defendant has been "***properly joined and served***." 28 U.S.C. § 1441(b) (emphasis added). Here, although Defendant Bell Helicopter Textron, Inc. is named as a diverse local defendant, it has not been served, as of the time of removal, and can therefore be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(2); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.2001), *amended*, 250 F.3d 997 (6th Cir.2001); *Clawson v. FedEx Ground Package Sys.*, 451 F.Supp.2d 731, 735-36 (D.Md.2006); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 180-81 (S.D.N.Y.2003); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F.Supp.2d 662, 665 & n.3 (S.D.Miss.2002); *see, e.g., North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263, 1270 (M.D.Fla.2009). The statutory language clearly requires service on the forum defendant, at the time of removal, for removal to be improper. *See* 28 U.S.C. § 1441(b)(2);



*Evans v. Rare Coin Wholesalers, Inc.*, 2010 WL 595653 (E.D.Tex. Jan. 28, 2010) (citing 28 U.S.C. § 1441(b)); *Ott*, 213 F.Supp.2d at 665; *see also Murphy Bros*, 526 U.S. at 350 (1999) (service of process is fundamental to the authority of a court over a party, and a defendant does not become subject to the power and authority of a court unless and until that party is served by the plaintiff). Because Plaintiff failed to serve Defendant Bell Helicopter Textron, Inc. prior to removal, it is not "***properly joined and served***" as defined by Section 1441(b)(2) and removal is proper. Furthermore, service of Defendant Bell Helicopter Textron, Inc. later is irrelevant to the removal analysis and forum-defendant rule. *See, e. g., Ott*, 213 F.Supp.2d at 665 (forum-defendant rule requires forum-state defendant to be both joined and served at the time of removal, and subsequent service of forum-state defendant does not require remand); *Stewart v. Auguillard Const. Co.*, 2009 WL 5175217, *3 (E.D.La.2009) (a good faith effort to serve a forum-state defendant prior to removal is insufficient to warrant remand under forum-defendant rule); *Spencer v. United States Dist. Court for Northern Dist. of California*, 393 F.3d 867, 871 (9th Cir.2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed. When removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand.").

9. Consent of Defendants Grizzly Helo Leasing, LLC and Bell Helicopter Textron, Inc. is not necessary because they have not been served. A defendant can remove without the consent of a defendant who has not been served. *See* 28 U.S.C. § 1446(b)(2)(A); *see Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir.2009); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir.1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986).

10. Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as required by 28 U.S.C. §1446(a).

---

**DEFENDANT USAU'S NOTICE OF REMOVAL** Page 5

11.    Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

12.    Defendant USAU will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

13.    Plaintiff did demand a jury trial in the State Court Action.

## V.
## PRAYER

**WHEREFORE**, Defendant USAU prays that further proceedings in the State Court Action be discontinued and removed to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court assume full jurisdiction over such action as provided by law.

Respectfully submitted,

STEPHEN C. HOWELL
State Bar No. 10107700
ROBERT K. PIWETZ
State Bar No. 24041700
BROOKE ULRICKSON ALLEN
State Bar No. 24035988
BROWN, DEAN, WISEMAN, PROCTOR,
    HART & HOWELL, L.L.P.
306 West 7th Street
Fort Worth Club Bldg., Suite 200
Fort Worth, Texas 76102
(817) 332-1391
(817) 870-2427 Facsimile
showell@browndean.com
rpiwetz@browndean.com
ballen@browndean.com

**ATTORNEYS FOR DEFENDANT,
UNITED STATES AVIATION
UNDERWRITERS, INC.**

## CERTIFICATE OF SERVICE

This is to certify the above and foregoing has been served upon the following parties, by and through their respective attorneys of record as follows on this the **3rd** day of April, 2012.

**Via CM-RRR**
Edward A. McConwell, Esq.
MCCONWELL LAW OFFICES
5925 Beverly Avenue
Mission, Kansas 66202

**Via CM-RRR**
Christopher A. Robison, Esq.
PASSMAN & JONES, P.C.
1201 Elm Street, Suite 2500
Dallas, Texas 75270

STEPHEN C. HOWELL

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MANSFIELD HELIFLIGHT, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action Number** |
| **GRIZZLY HELO LEASING, LLC, BELL** | § | |
| **HELICOPTER TEXTRON, INC. and** | § | |
| **UNITED STATES AVIATION** | § | |
| **UNDERWRITERS, INC.,** | § | |
| **Defendants.** | § | |

## REMOVAL DOCUMENTS

1.   Civil Cover Sheet

2.   Supplemental Civil Cover Sheet

3.   Defendant United States Aviation Underwriters, Inc.'s Notice of Removal

4.   Index of Matters being filed with Exhibits

5.   Certificate of Interested Parties

---

**DEFENDANT DRAKE AIR, INC.'S CERTIFICATE OF INTERESTED PARTIES**

CAUSE NO.  352 258542 12

| | |
|---|---|
| MANSFIELD HELIFLIGHT, INC. | IN THE DISTRICT COURT OF |
| **Plaintiff** | |
| VS. | TARRANT COUNTY, TEXAS |
| GRIZZLY HELO LEASING, LLC, BELL HELICOPTER TEXTRON, INC. and UNITED STATES AVIATION UNDERWRITERS, INC. **Defendants** | 352nd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Mansfield Heliflight, Inc., Plaintiff, and complains of Grizzly Helo Leasing, LLC, Bell Helicopter Textron, Inc. and United States Aviation Underwriters, Inc., Defendants, and for cause of action shows:

### I.     DISCOVERY CONTROL PLAN

1.     Plaintiff intends discovery to be conducted under Level 3 of Tex. R. Civ. P. 190.2.

### II.     PARTIES

2.     Plaintiff Mansfield Heliflight, Inc. ("Mansfield") is a Vermont corporation with its principal place of business in Milton, Vermont.

3.     Defendant Grizzly Helo Leasing, LLC ("Grizzly"), is a corporation organized and existing under the laws of the State of Montana, whose agent for service of process is Alice H. Hinshaw, Hinshaw Law Firm, PLLC, 314 North Last Chance Gulch, Helena, MT 59601, and who may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as its agent for service because Grizzly has not designated or maintained a resident agent for service of process in Texas as required by statute.  See TEX. CIV. PRAC. &

EXHIBIT

exhibitsticker.com

"A"

REM. CODE §§ 17.044(a)(1), 17.045. Grizzly is doing and/or has done business in Tarrant County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred as a result of Grizzly doing business in Tarrant County, Texas. Grizzly is not authorized to do business in Texas, nor does Grizzly maintain a regular place of business or registered agent for service of process in Texas.

4. · Defendant Bell Helicopter Textron, Inc. ("Bell") is a Delaware corporation authorized to and doing business in Tarrant County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred in Tarrant County, Texas. Bell may be served by serving its registered agent for service of process, Timothy John Harrington, 600 East Hurst Blvd., Hurst, TX 76053.

5. United States Aviation Underwriters, Inc. ("USAU") is a New York corporation doing business in Tarrant and Dallas County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred in Tarrant County, Texas. USAU may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

### III.      VENUE

6. Venue is proper in Tarrant County because all or a substantial part of the events that give rise to the claims asserted herein occurred in Dallas County, Texas

### IV.      JURISDICTION

7. The Court has personal jurisdiction over Grizzly because Grizzly purposefully avails itself of the privilege of conducting activities within the State of Texas, thus invoking the benefits and protections of its laws. This litigation arises out of and relates to Grizzly's contacts with the State of Texas.

8.     The Court has personal jurisdiction over Bell and USAU because they maintain continuing and systematic contacts with the State of Texas.   Defendant Bell maintains its principal place of business in the State of Texas, and USAU maintains an office in Dallas, Texas.

9.     The Court has jurisdiction over the controversy because the damages exceed the minimal jurisdictional requirements of this court.

## V.     BACKGROUND FACTS

### A.     USAU's Auction of the Aircraft.

10.     In 2004, a Bell 407 Helicopter bearing serial number 53072 (the "Aircraft") successfully auto-rotated into the Gulf of Mexico after an engine failure.   On information and belief, at the time of the accident, the Aircraft was owned by The Fifth Third Leasing Company ("Fifth Third").

11.     Subsequent to the accident, the insurer of the Aircraft, USAU, solicited bids for the purchase of the Aircraft.   In a notice sent to potential bidders, USAU represented, among other things, that the airframe data plate "would be removed and forwarded to the respective manufacturer [*i.e.* Bell]."

12.     USAU also represented in the bid sheet that the Aircraft being sold was a 1996 Bell 407, bearing serial number 53072.

13.     Based on this and other representations made by USAU about the condition of the Aircraft, and the actions that it would take in conjunction with a sale, Mansfield bid to purchase the Aircraft.   However, before bidding, Mansfield confirmed that serial number 53072 had not been placed on Bell's "destroyed" list.

14.     Ultimately, Mansfield was not the successful bidder, and Turbines Ltd. ("Turbines"), purchased the Aircraft from USAU in 2004.   In conjunction with its purchase of the Aircraft from USAU, Turbines received a Bill of Sale from USAU ("USAU Bill of Sale").

In the USAU Bill of Sale, USAU stated that it was selling, granting, and transferring "all right, title, and interest" in the Aircraft.

**B.      Mansfield's Purchase of the Aircraft.**

15.      On or about May 2008, Mansfield purchased the Aircraft for $169,000.00.

16.      Before purchasing the Aircraft, however, Mansfield confirmed with Turbines that it had received "all right, title, and interest" in the Aircraft when it purchased it from USAU.

17.      Mansfield also again checked to see if the Aircraft had been placed on Bell's "destroyed" list.

18.      Only after confirming that the Aircraft was not on the destroyed list, and that it would be purchasing "all right, title, and interest in the Aircraft," did Mansfield finalize its purchase of the Aircraft.

19.      Subsequent to its purchase of the Aircraft, Mansfield requested a Bill of Sale from Turbines ("Turbines Bill of Sale").  In the Turbines Bill of Sale, Turbines stated that it was transferring "all right, title, and interest" in the Aircraft to Mansfield.

**C.      Mansfield's Attempt to Restore the Aircraft.**

20.      Among other things, Mansfield is in the business of buying helicopters that have been in accidents or incidents, restoring them to airworthy condition, and then offering such helicopters for resale on the used aircraft market.

21.      This was Mansfield's intention when it purchased the Aircraft, which is why it went to great lengths to confirm that the Aircraft was not on Bell's destroyed list (as that would greatly diminish the value of the Aircraft), and that it was purchasing all right title and interest in the Aircraft, including the serial number.

22.      Ownership of the serial number is required to register an aircraft and to obtain an airworthiness certificate.

23.     After taking possession of the Aircraft, Mansfield contacted Vector Aerospace Helicopter Services ("Vector"), an independent, authorized Bell service center, who sent a representative to examine the Aircraft, and confirm that it could in fact be restored and returned to service in accordance with Bell's criteria for doing so.

24.     On or about October 17, 2008, a representative of Vector confirmed that "it should be no problem to recert [sic] this s/n airframe." Relying on this information, and its belief that it had acquired the serial number, along with the airframe, Mansfield elected to proceed with restoration of the Aircraft.

**D.     Grizzly's Registration of the Aircraft**

25.     On or about November 2008, as part of the restoration process, Mansfield attempted to gather all records for the Aircraft. When, as part of this process, Mansfield entered the Aircraft serial number into the Federal Aviation Administration ("FAA") website, it discovered, to its surprise, that a Bell 407 bearing the same serial number was registered to Defendant Grizzly.[1]  Given that the Aircraft bearing that serial number was in Mansfield's hanger in Vermont, Mansfield was confused as to how it could have been registered to another owner.

26.     Immediately after learning that a Bell 407 bearing the same serial number was registered to Grizzly, Mansfield contacted Grizzly's registered agent in Montana (the only listed contact), in order to clarify the situation. When told that Mansfield was looking for records pertaining to the Aircraft and that it was the owner of the Aircraft, Grizzly's registered agent became evasive, and despite additional calls from Mansfield, the registered agent was unwilling to provide any information regarding the situation.

---

[1] Upon information and belief, Grizzly continues to exercise dominion and control over the serial number and data plate.

27.     Shortly thereafter, Mansfield received an unsolicited e-mail from Mr. Tim J. Harrington, Jr., Deputy General Counsel at Bell (the "Harrington E-mail") on December 18, 2008. The e-mail, which was directed to Tina Lindberg, an employee of Mansfield, stated as follows: "*It has come to our attention that you claim to own the above aircraft. That would be a rather difficult position for you to sustain since <u>the ship originally bearing that serial numbered dataplate was destroyed</u> and that dataplate returned to us. <u>Bell, with regulatory approval, re-used the number on another aircraft.</u> Hence, please cease and desist from making any such further claims.*" (emphasis added). Upon information and belief, Bell learned of Mansfield's attempts to contact Grizzly through Grizzly.

**E.     Mansfield's Investigation.**

28.     Since Mansfield had not had any prior contact with Bell about the Aircraft, it was surprised to receive the Harrington E-mail shortly after its communication with Grizzly. Therefore, in order to ascertain the situation regarding the Aircraft's registration and ownership, it requested all files on record with the FAA relating to the Aircraft.

29.     To Mansfield's surprise, the FAA registration file contained an FAA Bill of Sale purporting to evidence the sale of the Aircraft (*i.e.* the same Aircraft that was in Mansfield's hanger in Vermont) from Fifth Third to Grizzly dated August 16, 2006 ("Fifth Third Bill of Sale").

30.     After discovering additional suspect and conflicting information regarding the Aircraft and seemingly false representations about its ownership that had been made to the FAA, Mansfield contacted Turbines, who was also surprised to discover Grizzly's claims of ownership made in the official FAA registration file.

31.     Turbines then contacted Fifth Third to inquire into what appeared to be erroneous entries in the FAA registration file. Shortly thereafter, Turbines was contacted by an FAA

regional inspector in Montana, Mr. Bob Justesen, who stated that he had begun an investigation into the matter. Mr. Justesen advised Turbines that Grizzly did not have an office in Montana, but had a local law firm that acted as a registered agent, which forwarded all correspondence to an address in Virginia.

32.     However, soon after this initial conversation, Mr. Justesen phoned Turbines to inform it that he had been ordered by headquarters to close the FAA investigation into the matter.

**F.     Fifth Third Claims the Fifth Third Bill of Sale to Grizzly is a Forgery.**

33.     On March 25, 2010, after being made aware by Turbines of the existence of the Fifth Third Bill of Sale that was on file with the FAA, Fifth Third filed a disclaimer letter with the FAA stating, among other things, that: (a) the Fifth Third Bill of Sale was not authorized by Fifth Third; (b) the Fifth Third Bill of Sale had not been executed by an employee of Fifth Third; (c) Fifth Third never contracted with or agreed to transfer title to Grizzly; (d) Fifth Third did not own the Aircraft at the time of the purported sale to Grizzly; and (e) it believed that the Fifth Third Bill of Sale was a fraud.

**G.     The Conspiracy to Defraud.**

34.     Upon information and belief, Grizzly, Bell, and USAU engaged in a conspiracy to defraud Mansfield and any other rightful purchasers of the Aircraft from all "right, title, and interest" in the Aircraft, as USAU represented it was selling in 2004.

35.     Upon information and belief, contrary to the representations contained in the USAU Bill of Sale, USAU did not possess title to the Aircraft when it was sold at auction in 2004, as it never received a bill of sale from the prior registered owner.

36.     Upon information and belief, USAU and Bell had an agreement whereby Bell would destroy all data plates that it received from USAU, even though this was contrary to the representations that were being made by USAU to prospective purchasers.

37.     Upon information and belief, Bell and Grizzly had an agreement, whereby Bell would appropriate a serial number from an aircraft, based on a data plate that had been returned to it by USAU (and which was thus, presumably not in service), and use this serial number on a different aircraft, in contravention of FAA regulations and Mansfield's rights as the lawful owner of the Aircraft.

38.     Upon information and belief, and in furtherance of this conspiracy and its intent to defraud, Grizzly availed itself of the laws of the State of Texas by acquiring an aircraft from Bell in Texas bearing serial number 53072 and caused fraudulent documents to be filed with the FAA in the course of registering the aircraft, including, but not limited to, the Fifth Third Bill of Sale (which Fifth Third has claimed is a forgery).

39.     Upon information and belief, Bell participated in and ratified these fraudulent acts, when it knowingly and voluntarily reached out to Mansfield in the Harrington E-mail, stating that "with regulatory approval, [Bell] re-used the number on another aircraft."

40.     Upon information and belief, Bell expected that Mansfield would rely on Bell's knowing and willful misrepresentations made in the Harrington E-mail, and that Mansfield would be dissuaded from pursuing it claims to rightful title of the Aircraft.

## COUNT 1: FRAUD BY DEFENDANTS BELL AND USAU

41.     Plaintiff incorporates foregoing as though fully set forth herein.

42.     As set forth more fully above, Defendants Bell and USAU made representations to Plaintiff. For example, USAU represented that it had all right, title, and interest (including the serial number) to sell. Bell, on the other hand, represented that the aircraft bearing serial number

53072 was destroyed and that the serial number had been properly re-issued on another aircraft. These representations were material, and Plaintiff relied on the representations, as set forth more fully above.

43.    The representations were false.  As set forth above, Mansfield owns the aircraft bearing serial number 53072 that Bell represented was destroyed, and as such, the aircraft is currently in Mansfield's possession.  Moreover, the serial number and data plate are being used by Grizzly.  USAU and Bell knew the representations were false when they were made; or alternatively, USAU and Bell made the representations recklessly.  USAU and Bell also made the representations with the intent that Mansfield (and others) act upon them.  In fact, Bell demanded Mansfield "cease and desist" making claims of ownership as to the Mansfield Helicopter.  Plaintiff relied on Bell and USAU's representations and was damaged.

### COUNT 2: FRAUD BY NONDISCLOSURE BY DEFENDANT BELL

44.    Plaintiff incorporates foregoing as though fully set forth herein.

45.    Bell failed to disclose certain facts to Plaintiff, including that it was incorrect in asserting that the Aircraft had been destroyed and that its serial number had been properly re-issued on another aircraft.  Bell had a duty to disclose the whole truth because it voluntarily reached out to Plaintiff and "disclosed" certain information regarding the Mansfield Aircraft.

46.    Bell knew Plaintiff did not have an equal opportunity to discover the facts since, after the data plate for the Aircraft was returned to Bell, Bell was in control of the data plate's disposition.  Bell was intentionally silent when it had a duty to speak, and its silence was designed to deprive Plaintiff of the Aircraft and its serial number and further its misrepresentations regarding the data plate's disposition.    Plaintiff relied on Bell's representations and was damaged.

## COUNT 3: CONVERSION BY DEFENDANT GRIZZLY

47.     Plaintiff incorporates foregoing as though fully set forth herein.

48.     Plaintiff owns and possesses the Aircraft, including its serial number. The Aircraft is personal property.

49.     Grizzly has wrongfully exercised and continues to exercise dominion and control over the Aircraft's serial number and data plate, and Plaintiff has been damaged as a result.

## COUNT 4: CONSPIRACY BY ALL DEFENDANTS

50.     Plaintiff incorporates foregoing as though fully set forth herein.

51.     Bell, Grizzly, and USAU were members of a combination of two or more persons. Bell, Grizzly, and USAU embarked on a planned strategy to attempt to defraud potential purchasers of the Aircraft, including Mansfield, which would have the purpose and effect of materially benefiting Bell, Grizzly, and USAU financially. Pursuant to Texas law, two or more businesses can conspire with each other: Bell, Grizzly, and USAU did so.

52.     The object of the combination of Bell, Grizzly, and USAU was to accomplish an unlawful purpose by unlawful means. The foregoing paragraphs outline the fraudulent representations that were disseminated, with Bell, Grizzly, and USAU's knowledge, to Mansfield and others.

53.     Bell, Grizzly, and USAU understood and knew what they were doing such that a meeting of the minds occurred. Pursuant to Texas law, an express agreement is not necessary and the agreement may be established by a course of conduct.

54.     Bell, Grizzly, and USAU committed overt acts of fraud to further the conspiracy, including the affirmative fraudulent misrepresentations set forth above. As a result of these actions, Plaintiff suffered damages.

## COUNT 5: DECLARATORY JUDGMENT

55.     Plaintiff incorporates foregoing as though fully set forth herein.

56.     Plaintiff's property rights are adversely affected by the Defendants.   Therefore, pursuant to Texas Civil Practice and Remedy Code § 37.001 *et seq.*, Plaintiff requests this Court to determine and declare that Mansfield owns all right, title, and interest in serial number 53072 and the data plate for the Aircraft and that Defendants have no rights in the same.

57.     Further, Plaintiff requests that this Honorable Court award them all taxable court costs, reasonable and necessary attorney's fees, together with pre-judgment interest at the highest legal rates.

### VI.      DEMAND FOR JURY

58.     Plaintiff demands a jury trial.

### VII.      PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer.  The Plaintiff requests that it be awarded judgment against the Defendants for the following:

(1)     Plaintiff's actual losses;

(2)     Punitive damages;

(3)     Prejudgment interest from the date first lawfully available to the date of judgment, at the highest lawful rate;

(4)     Post-judgment interest at the rate provided by law, from the date of judgment until same is paid in full;

(5)     All costs of court;

(6)     Enjoining Grizzly from use of the serial number for the Aircraft;

(7)     Ordering Grizzly to return the data plate for the Aircraft; and

(8)     Such further relief, both specific and general, in law or in equity, to which Plaintiff may show itself justly entitled.

Plaintiff's Original Petition
335370.1

Page 11

Respectfully submitted,

**MCCONWELL LAW OFFICES**
Edward A. McConwell
Kansas Bar No. 06454
5925 Beverly Avenue
Mission, Kansas 66202
913-262-0605
913-262-0652 (fax)
ed@mcconwell.com

**PASSMAN & JONES, P.C.**

Christopher A. Robison
Texas State Bar No. 24035720
1201 Elm Street, Suite 2500
Dallas, Texas 75270
214-742-2121
(f) 214-748-7949
robisoncj@passmanjones.com

ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MANSFIELD HELIFLIGHT, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action Number** |
| **GRIZZLY HELO LEASING, LLC, BELL** | § | |
| **HELICOPTER TEXTRON, INC. and** | § | |
| **UNITED STATES AVIATION** | § | |
| **UNDERWRITERS, INC.,** | § | |
| **Defendants.** | § | |

## INDEX OF MATTERS FILED WITH DEFENDANT
## <u>UNITED STATES AVIATION UNDERWRITERS, INC.'S NOTICE OF REMOVAL</u>

Pursuant to Local Rule 81.1(a), Defendant United States Aviation Underwriters, Inc. files this Index of all documents filed with its Notice of Removal:

A.   State Court Documents

    1.   Copy of Tarrant County District Clerk's Office Summary for All Transactions of a Case – April 2, 2012

    2.   Certified Copy of Civil Docket with a Certified Copy of all documents filed in the State Court Action – April 2, 2012

        (a)   Plaintiff's Original Petition – 03/23/2012

        (b)   Citation issued on Bell Helicopter Textron Inc. – 03/23/2012

        (c)   Citation issued on United States Aviation Underwriters Inc. – 03/23/2012

        (d)   Citation issued on Grizzly Helo Leasing LLC – 03/23/2012

```
JIMSGTM8            TARRANT COUNTY DISTRICT CLERK'S OFFICE      Page:      1
                       ALL TRANSACTIONS FOR A CASE             Date: 04/02/2012
                                                               Time: 14:32
```

| | |
|---|---|
| Cause Number: 352-258542-12 | Date Filed: 03/23/2012 |

MANSFIELD HELIFLIGHT, INC.  | v | GRIZZLY HELO LEASING, LLC,
                            | s |   ET AL

Cause of Action: OTHER CIVIL, OTHER
Case Status····: PENDING

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 03/23/2012 | PLAINTIFFS ORIGINAL PETITION | NI | 249.00 |
| 03/23/2012 | COURT COST (PAID) trans #1 | Y | 249.00 |
| 03/23/2012 | Citation-ISSUED ON BELL HELICOPTER TEXTRON INC-On | NI | 8.00 |
| 03/23/2012 | Citation-ISSUED ON UNITED STATES AVIATION | NI | 8.00 |
| 03/23/2012 | COURT COST (PAID) trans #4 | Y | 8.00 |
| 03/23/2012 | COURT COST (PAID) trans #3 | Y | 8.00 |
| 03/23/2012 | CIT Sec of St-ISSUED ON GRIZZLY HELO LEASING | NI | 8.00 |
| 03/23/2012 | COURT COST (PAID) trans #7 | Y | 8.00 |

Total Number Of Records Printed:    8

# Civil Docket

## Discovery: 3

## 352-258542-12

Cause of Action: OTHER CIVIL, OTHER

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed 03/23/2012 | MANSFIELD HELIFLIGHT, INC. | ROBISON, CHRISTOPHER A 2500 RENAISSANCE TWR 1201 ELM ST DALLAS, TX 75270 BarID: 24035720TX    Ph (214)742-2121    PLTF PASSMAN & JONES |
| Jury Fee $ | vs. | |
| Paid By | GRIZZLY HELO LEASING, LLC, Et Al | |

| Date of Orders | O R D E R S   O F   C O U R T | Was Steno Used? |
|---|---|---|

352-258542-12

A CERTIFIED COPY
ATTEST: _March 2 2012_
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: _(signature)_
DEPUTY
JULIE MARTINEZ

Page 1 of 2

CAUSE NO. 352 258542 12

| | | |
|---|---|---|
| MANSFIELD HELIFLIGHT, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| GRIZZLY HELO LEASING, LLC, | § | |
| BELL HELICOPTER TEXTRON, | § | |
| INC. and UNITED STATES | § | |
| AVIATION UNDERWRITERS, INC. | § | |
| **Defendants** | § | 352nd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Mansfield Heliflight, Inc., Plaintiff, and complains of Grizzly Helo

Leasing, LLC, Bell Helicopter Textron, Inc. and United States Aviation Underwriters, Inc.,

Defendants, and for cause of action shows:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiff intends discovery to be conducted under Level 3 of Tex. R. Civ. P. 190.2.

### II. PARTIES

2.      Plaintiff Mansfield Heliflight, Inc. ("Mansfield") is a Vermont corporation with

its principal place of business in Milton, Vermont.

3.      Defendant Grizzly Helo Leasing, LLC ("Grizzly"), is a corporation organized and

existing under the laws of the State of Montana, whose agent for service of process is Alice H.

Hinshaw, Hinshaw Law Firm, PLLC, 314 North Last Chance Gulch, Helena, MT 59601, and

who may be served with process by serving the Texas Secretary of State, 1019 Brazos Street,

Austin, Texas 78701 as its agent for service because Grizzly has not designated or maintained a

resident agent for service of process in Texas as required by TEX. CIV. PRAC. &

A CERTIFIED COPY
ATTEST: April 2, 2012
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: Julie Martinez
DEPUTY
JULIE MARTINEZ

page 1 of 12

REM. CODE §§ 17.044(a)(1), 17.045. Grizzly is doing and/or has done business in Tarrant County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred as a result of Grizzly doing business in Tarrant County, Texas. Grizzly is not authorized to do business in Texas, nor does Grizzly maintain a regular place of business or registered agent for service of process in Texas.

4.  Defendant Bell Helicopter Textron, Inc. ("Bell") is a Delaware corporation authorized to and doing business in Tarrant County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred in Tarrant County, Texas. Bell may be served by serving its registered agent for service of process, Timothy John Harrington, 600 East Hurst Blvd., Hurst, TX 76053.

5.  United States Aviation Underwriters, Inc. ("USAU") is a New York corporation doing business in Tarrant and Dallas County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred in Tarrant County, Texas. USAU may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

### III.     VENUE

6.  Venue is proper in Tarrant County because all or a substantial part of the events that give rise to the claims asserted herein occurred in Dallas County, Texas

### IV.     JURISDICTION

7.  The Court has personal jurisdiction over Grizzly because Grizzly purposefully avails itself of the privilege of conducting activities within the State of Texas, thus invoking the benefits and protections of its laws. This litigation arises out of and relates to Grizzly's contacts with the State of Texas.

page 2 of 12

8.     The Court has personal jurisdiction over Bell and USAU because they maintain continuing and systematic contacts with the State of Texas. Defendant Bell maintains its principal place of business in the State of Texas, and USAU maintains an office in Dallas, Texas.

9.     The Court has jurisdiction over the controversy because the damages exceed the minimal jurisdictional requirements of this court.

## V.     BACKGROUND FACTS

### A.     USAU's Auction of the Aircraft.

10.     In 2004, a Bell 407 Helicopter bearing serial number 53072 (the "Aircraft") successfully auto-rotated into the Gulf of Mexico after an engine failure. On information and belief, at the time of the accident, the Aircraft was owned by The Fifth Third Leasing Company ("Fifth Third").

11.     Subsequent to the accident, the insurer of the Aircraft, USAU, solicited bids for the purchase of the Aircraft. In a notice sent to potential bidders, USAU represented, among other things, that the airframe data plate "would be removed and forwarded to the respective manufacturer [*i.e.* Bell]."

12.     USAU also represented in the bid sheet that the Aircraft being sold was a 1996 Bell 407, bearing serial number 53072.

13.     Based on this and other representations made by USAU about the condition of the Aircraft, and the actions that it would take in conjunction with a sale, Mansfield bid to purchase the Aircraft. However, before bidding, Mansfield confirmed that serial number 53072 had not been placed on Bell's "destroyed" list.

14.     Ultimately, Mansfield was not the successful bidder, and Turbines Ltd. ("Turbines"), purchased the Aircraft from USAU in 2004. In conjunction with its purchase of the Aircraft from USAU, Turbines received a Bill of Sale from USAU ("USAU Bill of Sale").

*page 3 of 12*

In the USAU Bill of Sale, USAU stated that it was selling, granting, and transferring "all right, title, and interest" in the Aircraft.

**B.     Mansfield's Purchase of the Aircraft.**

15.     On or about May 2008, Mansfield purchased the Aircraft for $169,000.00.

16.     Before purchasing the Aircraft, however, Mansfield confirmed with Turbines that it had received "all right, title, and interest" in the Aircraft when it purchased it from USAU.

17.     Mansfield also again checked to see if the Aircraft had been placed on Bell's "destroyed" list.

18.     Only after confirming that the Aircraft was not on the destroyed list, and that it would be purchasing "all right, title, and interest in the Aircraft," did Mansfield finalize its purchase of the Aircraft.

19.     Subsequent to its purchase of the Aircraft, Mansfield requested a Bill of Sale from Turbines ("Turbines Bill of Sale").  In the Turbines Bill of Sale, Turbines stated that it was transferring "all right, title, and interest" in the Aircraft to Mansfield.

**C.     Mansfield's Attempt to Restore the Aircraft.**

20.     Among other things, Mansfield is in the business of buying helicopters that have been in accidents or incidents, restoring them to airworthy condition, and then offering such helicopters for resale on the used aircraft market.

21.     This was Mansfield's intention when it purchased the Aircraft, which is why it went to great lengths to confirm that the Aircraft was not on Bell's destroyed list (as that would greatly diminish the value of the Aircraft), and that it was purchasing all right title and interest in the Aircraft, including the serial number.

22.     Ownership of the serial number is required to register an aircraft and to obtain an airworthiness certificate.

*page 4 of 12*

23.     After taking possession of the Aircraft, Mansfield contacted Vector Aerospace Helicopter Services ("Vector"), an independent, authorized Bell service center, who sent a representative to examine the Aircraft, and confirm that it could in fact be restored and returned to service in accordance with Bell's criteria for doing so.

24.     On or about October 17, 2008, a representative of Vector confirmed that "it should be no problem to recert [sic] this s/n airframe." Relying on this information, and its belief that it had acquired the serial number, along with the airframe, Mansfield elected to proceed with restoration of the Aircraft.

**D.     Grizzly's Registration of the Aircraft**

25.     On or about November 2008, as part of the restoration process, Mansfield attempted to gather all records for the Aircraft. When, as part of this process, Mansfield entered the Aircraft serial number into the Federal Aviation Administration ("FAA") website, it discovered, to its surprise, that a Bell 407 bearing the same serial number was registered to Defendant Grizzly.[1] Given that the Aircraft bearing that serial number was in Mansfield's hanger in Vermont, Mansfield was confused as to how it could have been registered to another owner.

26.     Immediately after learning that a Bell 407 bearing the same serial number was registered to Grizzly, Mansfield contacted Grizzly's registered agent in Montana (the only listed contact), in order to clarify the situation. When told that Mansfield was looking for records pertaining to the Aircraft and that it was the owner of the Aircraft, Grizzly's registered agent became evasive, and despite additional calls from Mansfield, the registered agent was unwilling to provide any information regarding the situation.

---

[1] Upon information and belief, Grizzly continues to exercise dominion and control over the serial number and data plate.

Plaintiff's Original Petition
335370.1

Page 5

*page 5 of 12*

27.     Shortly thereafter, Mansfield received an unsolicited e-mail from Mr. Tim J. Harrington, Jr., Deputy General Counsel at Bell (the "Harrington E-mail") on December 18, 2008. The e-mail, which was directed to Tina Lindberg, an employee of Mansfield, stated as follows: *"It has come to our attention that you claim to own the above aircraft. That would be a rather difficult position for you to sustain since the ship originally bearing that serial numbered dataplate was destroyed and that dataplate returned to us. Bell, with regulatory approval, re-used the number on another aircraft. Hence, please cease and desist from making any such further claims."* (emphasis added). Upon information and belief, Bell learned of Mansfield's attempts to contact Grizzly through Grizzly.

**E.     Mansfield's Investigation.**

28.     Since Mansfield had not had any prior contact with Bell about the Aircraft, it was surprised to receive the Harrington E-mail shortly after its communication with Grizzly. Therefore, in order to ascertain the situation regarding the Aircraft's registration and ownership, it requested all files on record with the FAA relating to the Aircraft.

29.     To Mansfield's surprise, the FAA registration file contained an FAA Bill of Sale purporting to evidence the sale of the Aircraft (*i.e.* the same Aircraft that was in Mansfield's hanger in Vermont) from Fifth Third to Grizzly dated August 16, 2006 ("Fifth Third Bill of Sale").

30.     After discovering additional suspect and conflicting information regarding the Aircraft and seemingly false representations about its ownership that had been made to the FAA, Mansfield contacted Turbines, who was also surprised to discover Grizzly's claims of ownership made in the official FAA registration file.

31.     Turbines then contacted Fifth Third to inquire into what appeared to be erroneous entries in the FAA registration file. Shortly thereafter, Turbines was contacted by an FAA

*page 6 of 12*

regional inspector in Montana, Mr. Bob Justesen, who stated that he had begun an investigation into the matter. Mr. Justesen advised Turbines that Grizzly did not have an office in Montana, but had a local law firm that acted as a registered agent, which forwarded all correspondence to an address in Virginia.

32.     However, soon after this initial conversation, Mr. Justesen phoned Turbines to inform it that he had been ordered by headquarters to close the FAA investigation into the matter.

**F.     Fifth Third Claims the Fifth Third Bill of Sale to Grizzly is a Forgery.**

33.     On March 25, 2010, after being made aware by Turbines of the existence of the Fifth Third Bill of Sale that was on file with the FAA, Fifth Third filed a disclaimer letter with the FAA stating, among other things, that: (a) the Fifth Third Bill of Sale was not authorized by Fifth Third; (b) the Fifth Third Bill of Sale had not been executed by an employee of Fifth Third; (c) Fifth Third never contracted with or agreed to transfer title to Grizzly; (d) Fifth Third did not own the Aircraft at the time of the purported sale to Grizzly; and (e) it believed that the Fifth Third Bill of Sale was a fraud.

**G.     The Conspiracy to Defraud.**

34.     Upon information and belief, Grizzly, Bell, and USAU engaged in a conspiracy to defraud Mansfield and any other rightful purchasers of the Aircraft from all "right, title, and interest" in the Aircraft, as USAU represented it was selling in 2004.

35.     Upon information and belief, contrary to the representations contained in the USAU Bill of Sale, USAU did not possess title to the Aircraft when it was sold at auction in 2004, as it never received a bill of sale from the prior registered owner.

*page 7 of 12*

36. Upon information and belief, USAU and Bell had an agreement whereby Bell would destroy all data plates that it received from USAU, even though this was contrary to the representations that were being made by USAU to prospective purchasers.

37. Upon information and belief, Bell and Grizzly had an agreement, whereby Bell would appropriate a serial number from an aircraft, based on a data plate that had been returned to it by USAU (and which was thus, presumably not in service), and use this serial number on a different aircraft, in contravention of FAA regulations and Mansfield's rights as the lawful owner of the Aircraft.

38. Upon information and belief, and in furtherance of this conspiracy and its intent to defraud, Grizzly availed itself of the laws of the State of Texas by acquiring an aircraft from Bell in Texas bearing serial number 53072 and caused fraudulent documents to be filed with the FAA in the course of registering the aircraft, including, but not limited to, the Fifth Third Bill of Sale (which Fifth Third has claimed is a forgery).

39. Upon information and belief, Bell participated in and ratified these fraudulent acts, when it knowingly and voluntarily reached out to Mansfield in the Harrington E-mail, stating that "with regulatory approval, [Bell] re-used the number on another aircraft."

40. Upon information and belief, Bell expected that Mansfield would rely on Bell's knowing and willful misrepresentations made in the Harrington E-mail, and that Mansfield would be dissuaded from pursuing it claims to rightful title of the Aircraft.

## COUNT 1: FRAUD BY DEFENDANTS BELL AND USAU

41. Plaintiff incorporates foregoing as though fully set forth herein.

42. As set forth more fully above, Defendants Bell and USAU made representations to Plaintiff. For example, USAU represented that it had all right, title, and interest (including the serial number) to sell. Bell, on the other hand, represented that the aircraft bearing serial number

53072 was destroyed and that the serial number had been properly re-issued on another aircraft. These representations were material, and Plaintiff relied on the representations, as set forth more fully above.

43.     The representations were false.  As set forth above, Mansfield owns the aircraft bearing serial number 53072 that Bell represented was destroyed, and as such, the aircraft is currently in Mansfield's possession.  Moreover, the serial number and data plate are being used by Grizzly.  USAU and Bell knew the representations were false when they were made; or alternatively, USAU and Bell made the representations recklessly.  USAU and Bell also made the representations with the intent that Mansfield (and others) act upon them.  In fact, Bell demanded Mansfield "cease and desist" making claims of ownership as to the Mansfield Helicopter.  Plaintiff relied on Bell and USAU's representations and was damaged.

### COUNT 2: FRAUD BY NONDISCLOSURE BY DEFENDANT BELL

44.     Plaintiff incorporates foregoing as though fully set forth herein.

45.     Bell failed to disclose certain facts to Plaintiff, including that it was incorrect in asserting that the Aircraft had been destroyed and that its serial number had been properly re-issued on another aircraft.  Bell had a duty to disclose the whole truth because it voluntarily reached out to Plaintiff and "disclosed" certain information regarding the Mansfield Aircraft.

46.     Bell knew Plaintiff did not have an equal opportunity to discover the facts since, after the data plate for the Aircraft was returned to Bell, Bell was in control of the data plate's disposition.  Bell was intentionally silent when it had a duty to speak, and its silence was designed to deprive Plaintiff of the Aircraft and its serial number and further its misrepresentations regarding the data plate's disposition.  Plaintiff relied on Bell's representations and was damaged.

*page 9 of 12*

## COUNT 3: CONVERSION BY DEFENDANT GRIZZLY

47.     Plaintiff incorporates foregoing as though fully set forth herein.

48.     Plaintiff owns and possesses the Aircraft, including its serial number. The Aircraft is personal property.

49.     Grizzly has wrongfully exercised and continues to exercise dominion and control over the Aircraft's serial number and data plate, and Plaintiff has been damaged as a result.

## COUNT 4: CONSPIRACY BY ALL DEFENDANTS

50.     Plaintiff incorporates foregoing as though fully set forth herein.

51.     Bell, Grizzly, and USAU were members of a combination of two or more persons. Bell, Grizzly, and USAU embarked on a planned strategy to attempt to defraud potential purchasers of the Aircraft, including Mansfield, which would have the purpose and effect of materially benefiting Bell, Grizzly, and USAU financially. Pursuant to Texas law, two or more businesses can conspire with each other: Bell, Grizzly, and USAU did so.

52.     The object of the combination of Bell, Grizzly, and USAU was to accomplish an unlawful purpose by unlawful means. The foregoing paragraphs outline the fraudulent representations that were disseminated, with Bell, Grizzly, and USAU's knowledge, to Mansfield and others.

53.     Bell, Grizzly, and USAU understood and knew what they were doing such that a meeting of the minds occurred. Pursuant to Texas law, an express agreement is not necessary and the agreement may be established by a course of conduct.

54.     Bell, Grizzly, and USAU committed overt acts of fraud to further the conspiracy, including the affirmative fraudulent misrepresentations set forth above. As a result of these actions, Plaintiff suffered damages.

Page 10 of 12

## COUNT 5: DECLARATORY JUDGMENT

55.     Plaintiff incorporates foregoing as though fully set forth herein.

56.     Plaintiff's property rights are adversely affected by the Defendants. Therefore, pursuant to Texas Civil Practice and Remedy Code § 37.001 *et seq.*, Plaintiff requests this Court to determine and declare that Mansfield owns all right, title, and interest in serial number 53072 and the data plate for the Aircraft and that Defendants have no rights in the same.

57.     Further, Plaintiff requests that this Honorable Court award them all taxable court costs, reasonable and necessary attorney's fees, together with pre-judgment interest at the highest legal rates.

### VI.      DEMAND FOR JURY

58.     Plaintiff demands a jury trial.

### VII.      PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer. The Plaintiff requests that it be awarded judgment against the Defendants for the following:

(1)     Plaintiff's actual losses;

(2)     Punitive damages;

(3)     Prejudgment interest from the date first lawfully available to the date of judgment, at the highest lawful rate;

(4)     Post-judgment interest at the rate provided by law, from the date of judgment until same is paid in full;

(5)     All costs of court;

(6)     Enjoining Grizzly from use of the serial number for the Aircraft;

(7)     Ordering Grizzly to return the data plate for the Aircraft; and

(8)     Such further relief, both specific and general, in law or in equity, to which Plaintiff may show itself justly entitled.

Plaintiff's Original Petition                                                                   Page 11
335370.1


page 11 of 12

Respectfully submitted,

**MᶜCONWELL LAW OFFICES**
Edward A. McConwell
Kansas Bar No. 06454
5925 Beverly Avenue
Mission, Kansas 66202
913-262-0605
913-262-0652 (fax)
ed@mcconwell.com

**PASSMAN & JONES, P.C.**

Christopher A. Robison
Texas State Bar No. 24035720
1201 Elm Street, Suite 2500
Dallas, Texas 75270
214-742-2121
(f) 214-748-7949
robisoncj@passmanjones.com

ATTORNEYS FOR PLAINTIFF

*page 12 of 12*

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

**FILE COPY**

*CITATION*

*Cause No. 352-258542-12*

MANSFIELD HELIFLIGHT, INC.
VS.
GRIZZLY HELO LEASING, LLC, ET AL

TO: BELL HELICOPTER TEXTRON INC

B/S TIMOTHY JOHN HARRINGTON REGISTERED AGENT 600 E HURST BLVD HURST, TX 7605

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 352nd District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MANSFIELD HELIFLIGHT INC.

Filed in said Court on March 23rd, 2012 Against
GRIZZLY HELO LEASING LLC, BELL HELICOPTER TEXTRON INC, UNITED STATES AVIATION UNDERWRITERS INC.

For suit, said suit being numbered 352-258542-12 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

CHRISTOPHER A ROBISON
Attorney for MANSFIELD HELIFLIGHT INC. Phone No. (214)742-2121
Address     2500 RENAISSANCE TWR 1201 ELM ST DALLAS, TX 75270

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 27th day of March, 2012.

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____ 2012
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

CERTIFIED COPY
ATTEST:
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: _____
JULIE MARTINEZ DEPUTY

*Page 1 of 2*

*CITATION*

Cause No. 352-258542-12

MANSFIELD HELIFLIGHT, INC.

VS.

GRIZZLY HELO LEASING, LLC,
ET AL

ISSUED

This 27th day of March, 2012

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By      KIMBERLY KRUMLAND Deputy

CHRISTOPHER A ROBISON
Attorney for: MANSFIELD HELIFLIGHT INC.
Phone No. (214)742-2121
ADDRESS: 2500 RENAISSANCE TWR
   1201 ELM ST
   DALLAS, TX 75270

*CIVIL LAW*



*3522585421200003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
FILE COPY

page 2 of 2

THE STATE OF TEXAS        **FILE COPY**
DISTRICT COURT, TARRANT COUNTY

---

*CITATION*        *Cause No. 352-258542-12*

MANSFIELD HELIFLIGHT, INC.
VS.
GRIZZLY HELO LEASING, LLC, ET AL

TO: UNITED STATES AVIATION UNDERWRITERS INC.

B/S CT CORPORATION SYSTEM REG AGT 350 N ST PAUL ST STE 2900 DALLAS, TX
75201-4234

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 352nd District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MANSFIELD HELIFLIGHT INC.

Filed in said Court on March 23rd, 2012 Against
GRIZZLY HELO LEASING LLC, BELL HELICOPTER TEXTRON INC, UNITED STATES AVIATION UNDERWRITERS INC.

For suit, said suit being numbered 352-258542-12 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

CHRISTOPHER A ROBISON
Attorney for MANSFIELD HELIFLIGHT INC. Phone No. (214)742-2121
Address    2500 RENAISSANCE TWR 1201 ELM ST DALLAS, TX 75270

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 27th day of March, 2012.

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

---

OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

A CERTIFIED COPY
ATTEST: April 2 2012
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Julie A Martinez
DEPUTY
JULIE MARTINEZ

page 1 of 2

*CITATION*

Cause No. 352-258542-12

MANSFIELD HELIFLIGHT, INC.

VS.

GRIZZLY HELO LEASING, LLC,
ET AL

ISSUED

This 27th day of March, 2012

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By     KIMBERLY KRUMLAND Deputy

CHRISTOPHER A ROBISON
Attorney for: MANSFIELD HELIFLIGHT INC.
Phone No. (214)742-2121
ADDRESS: 2500 RENAISSANCE TWR
1201 ELM ST
DALLAS, TX 75270

*CIVIL LAW*



*352258542120000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
FILE COPY

page 2 of 2

THE STATE OF TEXAS        **FILE COPY**
DISTRICT COURT, TARRANT COUNTY

*CITATION*      *Cause No. 352-258542-12*

MANSFIELD HELIFLIGHT, INC.
VS.
GRIZZLY HELO LEASING, LLC, ET AL

To and through the Secretary Of State, Statutory Documents Section, 1019 Brazos St, PO Box 12079, Austin TX 78701-207
TO: GRIZZLY HELO LEASING LLC

B/S ALICE H HINSHAW HINSHAW LAW FIRM PLLC 314 N LAST CHANCE GULCH HELENA, MT 59601-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY OF STATE, OF THE STATE OF TEXAS, DUPLICATE COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 352nd District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

MANSFIELD HELIFLIGHT INC.

Filed in said Court on March 23rd, 2012 Against
GRIZZLY HELO LEASING LLC, BELL HELICOPTER TEXTRON INC, UNITED STATES AVIATION UNDERWRITERS INC.

For suit, said suit being numbered 352-258542-12 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

CHRISTOPHER A ROBISON
Attorney for MANSFIELD HELIFLIGHT INC. Phone No. (214)742-2121
Address    2500 RENAISSANCE TWR 1201 ELM ST DALLAS, TX 75270

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 27th day of March, 2012

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served out of the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

A CERTIFIED COPY April 2, 2012
ATTEST:
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Julie A. Martinez
DEPUTY
JULIE MARTINEZ

*page 1 of 2*

*CITATION*

Cause No. 352-258542-12

MANSFIELD HELIFLIGHT, INC.

VS.

GRIZZLY HELO LEASING, LLC,
ET AL

ISSUED

This 27th day of March, 2012

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By    KIMBERLY KRUMLAND Deputy

CHRISTOPHER A ROBISON
Attorney for: MANSFIELD HELIFLIGHT INC.
Phone No. (214)742-2121
ADDRESS: 2500 RENAISSANCE TWR
1201 ELM ST
DALLAS, TX 75270

*CIVIL LAW*



*352258542120000007*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK

*page 2 of 2*

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MANSFIELD HELIFLIGHT, INC.

## DEFENDANTS
GRIZZLY HELO LEASING, LLC, BELL HELICOPTER TEXTRON, INC. and UNITED STATES AVIATION UNDERWRITERS, INC.

(b) County of Residence of First Listed Plaintiff   Chittenden
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Lewis and Clark
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christopher A. Robison, Passman & Jones, P.C., 1201 Elm Street, Suite 2500, Dallas, Texas 75270, 214-742-2121

Attorneys (If Known)
Stephen C. Howell, Brown, Dean, Wiseman, Proctor, Hart & Howell, LLP, 306 West 7th Street, Fort Worth Club Bldg, Suite 200, Fort Worth, Texas 76102, 817-332-1391

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1331, 1441(a), 28 U.S.C. 1332(a)

Brief description of cause:
Plaintiff alleges fraud, conspiracy related, to purchase of helicopter.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
169,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions)
PENDING OR CLOSED:

JUDGE   n/a

DOCKET NUMBER

DATE
04/03/2012

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # TXN 0116644    AMOUNT $350.00    APPLYING IFP    JUDGE    MAG. JUDGE

**United States District Court**
**Northern District of Texas**

**Supplemental Civil Cover Sheet For Cases Removed From**
**State Court**

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.  **State Court Information**: Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 352nd Judicial District Court, Tarrant County, Texas | Cause No. 352-258542-12 |

2.  **Style of the Case:** Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counter-claimant(s), Cross-claimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|

*Mansfield Heliflight, Inc. vs. Grizzly Helo Leasing, LLC, Bell Helicopter Textron, Inc. and United States Aviation Underwriters, Inc.*

Plaintiff: Mansfield Heliflight, Inc.

Christopher A. Robison
Texas Bar No. 24035720
PASSMAN & JONES, P.C.
1201 Elm Street, Suite 2500
Dallas, Texas 75270
214.742.2121

and

Edward A. McConwell
MCCONWELL LAW OFFICES
5925 Beverly Avenue
Mission, Kansas 66202
913.262.0605

Defendant: United States Aviation Underwriters, Inc.

> Stephen C. Howell
> Texas Bar No. 10107700
> Robert K. Piwetz
> Texas Bar No. 24041700
> Brooke Ulrickson Allen
> Texas Bar No. 24035988
> BROWN, DEAN, WISEMAN,
>   PROCTOR, HART & HOWELL, L.L.P.
> 306 West 7th Street
> Fort Worth Club Bldg., Suite 200
> Fort Worth, Texas 76102
> 817.332.1391
> showell@browndean.com
> rpiwetz@browndean.com
> ballen@browndean.com

Defendant: Grizzly Helo Leasing, LLC          ("unserved")

Defendant: Bell Helicopter Textron, Inc.          ("unserved")

3.   **Jury Demand:** Was a Jury Demand made in State Court? Yes

If "*Yes*," by which party and on what date? Plaintiff Mansfield Heliflight, Inc., March 23, 2012.

4.   **Answer:** Was an Answer made in State Court? No

If "*Yes*," by which party and on what date?

5.   **Unserved Parties:** The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
| --- | --- |
| Grizzly Helo Leasing, LLC | Service not yet procured |
| Bell Helicopter Textron, Inc. | Service not yet procured |
| United States Aviation Underwriters, Inc. | Service not yet procured |

---

**Supplemental Civil Cover Sheet**                                          **Page 2**

6.      **Nonsuited, Dismissed or Terminated Parties:** Please indicate any changes from the style on the State Court papers and the reason for that change:

<u>Party</u>                                                      <u>Reason</u>

7.      **Claims of the Parties:** The filing party submits the following summary of the remaining claims of each party in this litigation:

<u>Party</u>                                                      <u>Claim(s)</u>

Plaintiff:

Plaintiff alleges fraud and conspiracy to defraud.

Defendant:

Defendant USAU denies each and every allegation contained in the Petition, and any amendment or supplement thereto, and demands strict proof thereof.