



FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

2012 APR  4  PM 3:12

CLERK OF COURT

| | | |
|---|---|---|
| MANSFIELD HELIFLIGHT, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.   4-12CV-203-A |
| | § | |
| GRIZZLY HELO LEASING, LLC, | § | |
| BELL HELICOPTER TEXTRON, | § | |
| INC. and UNITED STATES AVIATION | § | |
| UNDERWRITERS, INC. | § | |
|     Defendants. | § | |

### DEFENDANT UNITED STATES AVIATION UNDERWRITERS, INC.'S
### NOTICE OF FILING NOTICE OF REMOVAL IN STATE COURT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, United States Aviation Underwriters, Inc., Defendant in the above-numbered and styled cause, filing this Notice of Filing Notice of Removal in State Court, and would respectfully show as follows:

On April 3, 2012, Defendant United States Aviation Underwriters, Inc. filed its Notice of Removal with this Court and gave notice to the State Court, the 352nd Judicial District Court of Tarrant County, Texas, by filing the attached Defendant United States Aviation Underwriters, Inc.'s Notice to State Court of Removal to Federal Court, which included a copy of the removal notice and attachments, pursuant to 28 U.S.C. §1446(d). *See* Exhibit "A".

Respectfully submitted,

STEPHEN C. HOWELL
State Bar No. 10107700
ROBERT K. PIWETZ
State Bar No. 24041700
BROOKE ULRICKSON ALLEN
State Bar No. 24035988
BROWN, DEAN, WISEMAN, PROCTOR,
    HART & HOWELL, L.L.P.
306 West 7th Street
Fort Worth Club Bldg., Suite 200
Fort Worth, Texas 76102
(817) 332-1391
(817) 870-2427 Facsimile
showell@browndean.com
rpiwetz@browndean.com
ballen@browndean.com

**ATTORNEYS FOR DEFENDANT,
UNITED STATES AVIATION
UNDERWRITERS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify the above and foregoing has been served upon the following parties, by and through their respective attorneys of record as follows on this the _4th_ day of April, 2012.

**<u>Via CM-RRR</u>**
Edward A. McConwell, Esq.
MCCONWELL LAW OFFICES
5925 Beverly Avenue
Mission, Kansas 66202

**<u>Via CM-RRR</u>**
Christopher A. Robison, Esq.
PASSMAN & JONES, P.C.
1201 Elm Street, Suite 2500
Dallas, Texas 75270

ROBERT K. PIWETZ

CAUSE NO. 352-258542-12

| | | |
|---|---|---|
| MANSFIELD HELIFLIGHT, INC. | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| GRIZZLY HELO LEASING, LLC, BELL | § | |
| HELICOPTER TEXTRON, INC. and | § | |
| UNITED STATES AVIATION | § | |
| UNDERWRITERS, INC., | § | |
|     Defendants. | § | 352nd JUDICIAL DISTRICT |

**DEFENDANT'S NOTICE TO STATE COURT**
**OF REMOVAL TO FEDERAL COURT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Please take notice that Defendant United States Aviation Underwriters, Inc. has, pursuant to federal law, filed with the clerk of the United States District Court for the Northern District of Texas, Fort Worth Division, a Notice of Removal, a copy of which is filed with this Document and attached hereto as Exhibit "A", and transmitted to all parties. The removed federal action is now Civil Action No. 4-12cv-203-A    . This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

Stephen C. Howell
State Bar No. 10107700
Robert K. Piwetz
State Bar No. 24041700
Brook Ulrickson Allen
State Bar No. 24035988
BROWN, DEAN, WISEMAN, PROCTOR,
    HART & HOWELL, L.L.P.
306 West 7th Street
Fort Worth Club Bldg., Suite 200
Fort Worth, Texas 76102
(817) 332-1391
(817) 870-2427 Facsimile
showell@browndean.com
rpiwetz@browndean.com
ballen@browndean.com

**ATTORNEYS FOR DEFENDANT
UNITED STATES AVIATION
UNDERWRITERS, INC.**

## CERTIFICATE OF SERVICE

This is to certify the above and foregoing has been served upon the following parties, by and through their respective attorneys of record as follows on this the *3rd* day of April, 2012.

**Via CM-RRR**
Edward A. McConwell, Esq.
MCCONWELL LAW OFFICES
5925 Beverly Avenue
Mission, Kansas 66202

**Via CM-RRR**
Christopher A. Robison, Esq.
PASSMAN & JONES, P.C.
1201 Elm Street, Suite 2500
Dallas, Texas 75270

Stephen C. Howell

---

**DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT**     **Page 2**



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

APR - 3 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| MANSFIELD HELIFLIGHT, INC. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **4 - 12 C V - 2 0 3 - A** |
| | § | |
| GRIZZLY HELO LEASING, LLC, | § | |
| BELL HELICOPTER TEXTRON, | § | |
| INC. and UNITED STATES AVIATION | § | |
| UNDERWRITERS, INC. | § | |
| Defendants. | § | |

**Civil Action Number**

## DEFENDANT UNITED STATES AVIATION
## UNDERWRITERS, INC.'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **COMES NOW**, Defendant United States Aviation Underwriters, Inc. (hereinafter "USAU") filing this notice of removal pursuant to 28 U.S.C. §1446(a).

### I.
### INTRODUCTION

1.    Plaintiff is Mansfield Heliflight, Inc.; Defendants are Grizzly Helo Leasing, LLC, Bell Helicopter Textron, Inc., and United States Aviation Underwriters, Inc. *See* Plaintiff's Original Petition, attached as Exhibit "A".

2.    On March 23, 2012, Plaintiff filed Cause No. 352-258542-12, *Mansfield Heliflight, Inc. v. Grizzly Helo Leasing, LLC, Bell Helicopter Textron, Inc. and United States Aviation Underwriters, Inc.*, in the 352nd Judicial District Court of Tarrant County, Texas (the "State Court Action"). Plaintiff's suit alleges numerous causes of action and seeks a declaratory judgment relating to its purchase of a Bell 407 Helicopter (the "Aircraft") for $169,000.00. *See* Exhibit "A".

---

**DEFENDANT USAU'S NOTICE OF REMOVAL**                                     **Page 1**

## II.
## REMOVAL IS TIMELY

3.      On or about March 26, 2012, counsel for Defendant USAU received a copy of Plaintiff's state court complaint; however to date Defendant USAU has not been served with the summons or complaint. If a suit is removable when it is filed, the deadline for filing the notice of removal is within 30 days after receiving both the summons and a copy of the complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). If the complaint is filed before the summons is served, the 30-day removal period begins on the date the summons is served. *Murphy Bros.*, 526 U.S. at 354. Accordingly, Defendant USAU files this notice of removal within the time period required by 28 U.S.C. §1446(b).

## III.
## BASIS FOR REMOVAL

4.      Removal is proper because (1) Plaintiff's suit involves a federal question, and (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

5.      Removal is proper because plaintiff's suit involves a federal question. 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff's claims arise under, seek an opinion construing, substantially relate to, and affect the federal statute and regulations regarding the recordation of aircraft title (49 U.S.C. § 44107) and the Federal Aviation Act. *Philko Aviation v. Shacket*, 462 U.S. 406, 409-410 (1983) (federal recordation system preempts state law).  As such, these claims involve a substantial federal question and implicate this Court's federal question

---

DEFENDANT USAU'S NOTICE OF REMOVAL                                                            Page 2

jurisdiction.

6.      Additionally, Removal is proper because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). The United States district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states." 28 U.S.C. § 1332(a). Any civil action brought in State court "of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.      At the time of removal, Plaintiff was a citizen of Vermont, and no defendant was or is a Vermont citizen. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951) (court's removal jurisdiction is determined by examining the record as it stands when the notice of removal is filed). Specifically, Plaintiff's State court complaint states Plaintiff Mansfield Heliflight, Inc. is a Vermont corporation with its principal place of business also in Vermont, Defendant Grizzly Helo Leasing, LLC is a corporation organized and existing under the laws of the State of Montana, Defendant Bell Helicopter Textron, Inc. is a Delaware corporation with its principal place of business in Texas, and Defendant USAU is a New York corporation. *See* Plaintiff's Original Petition, ¶¶2-5, 8. Defendant Grizzly is a citizen of the State of Montana with its principal place of business in Montana and Defendant USAU is a citizen of the State of New York with its principal place of business in New York; Plaintiff does not allege that Defendant Grizzly or USAU are citizens of Texas or have their principal place of business in Texas. *Id.* Additionally, the amount in controversy exceeds $75,000, excluding interest and costs, as Plaintiff's complaint arises from the purchase of an "Aircraft for $169,000.00," alleges Plaintiff was damaged and its

property rights were "adversely affected" by Defendants' acts, and asks the court to "determine and declare [Plaintiff] owns all right, title, and interest" in the Aircraft and award "Plaintiff's actual losses". *See* Plaintiffs' Original Petition, ¶¶ 15, 41-57, Prayer. Accordingly, this suit meets the jurisdictional requirements for a diversity action in federal court, and the removal criteria of § 1441(a) is satisfied.

8.      Moreover, that Defendant Bell Helicopter Textron, Inc. has its principal place of business in Texas does not prevent removal of this case because it was not "properly joined and served" at the time of removal. Under section 1441(b), also referred to as the "forum-defendant rule", a suit cannot be removed if one of the defendants, who is properly joined and served, is a citizen of the state where the suit was filed even though there is complete diversity between the parties." 28 U.S.C. § 1441(b)(2); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir.2009); *see Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir.2006); *see Hurley v. Motor Coach Indus.*, 222 F.3d 377, 380 (7th Cir.2000). Section 1441(b) states, plainly, that removal is only barred when a forum state defendant has been "***properly joined and served***." 28 U.S.C. § 1441(b) (emphasis added). Here, although Defendant Bell Helicopter Textron, Inc. is named as a diverse local defendant, it has not been served, as of the time of removal, and can therefore be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(2); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.2001), *amended*, 250 F.3d 997 (6th Cir.2001); *Clawson v. FedEx Ground Package Sys.*, 451 F.Supp.2d 731, 735-36 (D.Md.2006); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 180-81 (S.D.N.Y.2003); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F.Supp.2d 662, 665 & n.3 (S.D.Miss.2002); *see, e.g., North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263, 1270 (M.D.Fla.2009). The statutory language clearly requires service on the forum defendant, at the time of removal, for removal to be improper. *See* 28 U.S.C. § 1441(b)(2);

*Evans v. Rare Coin Wholesalers, Inc.*, 2010 WL 595653 (E.D.Tex. Jan. 28, 2010) (citing 28 U.S.C. § 1441(b)); *Ott*, 213 F.Supp.2d at 665; *see also Murphy Bros*, 526 U.S. at 350 (1999) (service of process is fundamental to the authority of a court over a party, and a defendant does not become subject to the power and authority of a court unless and until that party is served by the plaintiff). Because Plaintiff failed to serve Defendant Bell Helicopter Textron, Inc. prior to removal, it is not *"properly joined and served"* as defined by Section 1441(b)(2) and removal is proper. Furthermore, service of Defendant Bell Helicopter Textron, Inc. later is irrelevant to the removal analysis and forum-defendant rule. *See, e. g., Ott*, 213 F.Supp.2d at 665 (forum-defendant rule requires forum-state defendant to be both joined and served at the time of removal, and subsequent service of forum-state defendant does not require remand); *Stewart v. Auguillard Const. Co.*, 2009 WL 5175217, *3 (E.D.La.2009) (a good faith effort to serve a forum-state defendant prior to removal is insufficient to warrant remand under forum-defendant rule); *Spencer v. United States Dist. Court for Northern Dist. of California*, 393 F.3d 867, 871 (9th Cir.2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed. When removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand.").

9. Consent of Defendants Grizzly Helo Leasing, LLC and Bell Helicopter Textron, Inc. is not necessary because they have not been served. A defendant can remove without the consent of a defendant who has not been served. *See* 28 U.S.C. § 1446(b)(2)(A); *see Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir.2009); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir.1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986).

10. Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as required by 28 U.S.C. §1446(a).

11.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

12.     Defendant USAU will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

13.     Plaintiff did demand a jury trial in the State Court Action.

V.
**PRAYER**

WHEREFORE, Defendant USAU prays that further proceedings in the State Court Action be discontinued and removed to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court assume full jurisdiction over such action as provided by law.

Respectfully submitted,

STEPHEN C. HOWELL
State Bar No. 10107700
ROBERT K. PIWETZ
State Bar No. 24041700
BROOKE ULRICKSON ALLEN
State Bar No. 24035988
BROWN, DEAN, WISEMAN, PROCTOR,
    HART & HOWELL, L.L.P.
306 West 7th Street
Fort Worth Club Bldg., Suite 200
Fort Worth, Texas 76102
(817) 332-1391
(817) 870-2427 Facsimile
showell@browndean.com
rpiwetz@browndean.com
ballen@browndean.com

**ATTORNEYS FOR DEFENDANT,
UNITED STATES AVIATION
UNDERWRITERS, INC.**

DEFENDANT USAU'S NOTICE OF REMOVAL                                    Page 6

## CERTIFICATE OF SERVICE

This is to certify the above and foregoing has been served upon the following parties, by and through their respective attorneys of record as follows on this the 3rd day of April, 2012.

**Via CM-RRR**
Edward A. McConwell, Esq.
MCCONWELL LAW OFFICES
5925 Beverly Avenue
Mission, Kansas 66202

**Via CM-RRR**
Christopher A. Robison, Esq.
PASSMAN & JONES, P.C.
1201 Elm Street, Suite 2500
Dallas, Texas 75270

_____
STEPHEN C. HOWELL

CAUSE NO. 352   258542   12

| | | |
|---|---|---|
| MANSFIELD HELIFLIGHT, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| GRIZZLY HELO LEASING, LLC, | § | |
| BELL HELICOPTER TEXTRON, | § | |
| INC. and UNITED STATES | § | |
| AVIATION UNDERWRITERS, INC. | § | 353rd JUDICIAL DISTRICT |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Mansfield Heliflight, Inc., Plaintiff, and complains of Grizzly Helo Leasing, LLC, Bell Helicopter Textron, Inc. and United States Aviation Underwriters, Inc., Defendants, and for cause of action shows:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends discovery to be conducted under Level 3 of Tex. R. Civ. P. 190.2.

### II.   PARTIES

2.   Plaintiff Mansfield Heliflight, Inc. ("Mansfield") is a Vermont corporation with its principal place of business in Milton, Vermont.

3.   Defendant Grizzly Helo Leasing, LLC ("Grizzly"), is a corporation organized and existing under the laws of the State of Montana, whose agent for service of process is Alice H. Hinshaw, Hinshaw Law Firm, PLLC, 314 North Last Chance Gulch, Helena, MT 59601, and who may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as its agent for service because Grizzly has not designated or maintained a resident agent for service of process in Texas as required by statute. See TEX. CIV. PRAC. &

EXHIBIT
"A"

REM. CODE §§ 17.044(a)(1), 17.045. Grizzly is doing and/or has done business in Tarrant County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred as a result of Grizzly doing business in Tarrant County, Texas. Grizzly is not authorized to do business in Texas, nor does Grizzly maintain a regular place of business or registered agent for service of process in Texas.

4. · Defendant Bell Helicopter Textron, Inc. ("Bell") is a Delaware corporation authorized to and doing business in Tarrant County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred in Tarrant County, Texas. Bell may be served by serving its registered agent for service of process, Timothy John Harrington, 600 East Hurst Blvd., Hurst, TX 76053.

5. United States Aviation Underwriters, Inc. ("USAU") is a New York corporation doing business in Tarrant and Dallas County, Texas, and all or substantially all of the activities that form the basis of this Petition occurred in Tarrant County, Texas. USAU may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

### III.     VENUE

6. Venue is proper in Tarrant County because all or a substantial part of the events that give rise to the claims asserted herein occurred in Dallas County, Texas

### IV.     JURISDICTION

7. The Court has personal jurisdiction over Grizzly because Grizzly purposefully avails itself of the privilege of conducting activities within the State of Texas, thus invoking the benefits and protections of its laws. This litigation arises out of and relates to Grizzly's contacts with the State of Texas.

8.      The Court has personal jurisdiction over Bell and USAU because they maintain continuing and systematic contacts with the State of Texas. Defendant Bell maintains its principal place of business in the State of Texas, and USAU maintains an office in Dallas, Texas.

9.      The Court has jurisdiction over the controversy because the damages exceed the minimal jurisdictional requirements of this court.

## V.      BACKGROUND FACTS

### A.      USAU's Auction of the Aircraft.

10.     In 2004, a Bell 407 Helicopter bearing serial number 53072 (the "Aircraft") successfully auto-rotated into the Gulf of Mexico after an engine failure. On information and belief, at the time of the accident, the Aircraft was owned by The Fifth Third Leasing Company ("Fifth Third").

11.     Subsequent to the accident, the insurer of the Aircraft, USAU, solicited bids for the purchase of the Aircraft. In a notice sent to potential bidders, USAU represented, among other things, that the airframe data plate "would be removed and forwarded to the respective manufacturer [*i.e.* Bell]."

12.     USAU also represented in the bid sheet that the Aircraft being sold was a 1996 Bell 407, bearing serial number 53072.

13.     Based on this and other representations made by USAU about the condition of the Aircraft, and the actions that it would take in conjunction with a sale, Mansfield bid to purchase the Aircraft. However, before bidding, Mansfield confirmed that serial number 53072 had not been placed on Bell's "destroyed" list.

14.     Ultimately, Mansfield was not the successful bidder, and Turbines Ltd. ("Turbines"), purchased the Aircraft from USAU in 2004. In conjunction with its purchase of the Aircraft from USAU, Turbines received a Bill of Sale from USAU ("USAU Bill of Sale").

Plaintiff's Original Petition                                                                                      Page 3
335370.1

In the USAU Bill of Sale, USAU stated that it was selling, granting, and transferring "all right, title, and interest" in the Aircraft.

**B.      Mansfield's Purchase of the Aircraft.**

15.      On or about May 2008, Mansfield purchased the Aircraft for $169,000.00.

16.      Before purchasing the Aircraft, however, Mansfield confirmed with Turbines that it had received "all right, title, and interest" in the Aircraft when it purchased it from USAU.

17.      Mansfield also again checked to see if the Aircraft had been placed on Bell's "destroyed" list.

18.      Only after confirming that the Aircraft was not on the destroyed list, and that it would be purchasing "all right, title, and interest in the Aircraft," did Mansfield finalize its purchase of the Aircraft.

19.      Subsequent to its purchase of the Aircraft, Mansfield requested a Bill of Sale from Turbines ("Turbines Bill of Sale").  In the Turbines Bill of Sale, Turbines stated that it was transferring "all right, title, and interest" in the Aircraft to Mansfield.

**C.      Mansfield's Attempt to Restore the Aircraft.**

20.      Among other things, Mansfield is in the business of buying helicopters that have been in accidents or incidents, restoring them to airworthy condition, and then offering such helicopters for resale on the used aircraft market.

21.      This was Mansfield's intention when it purchased the Aircraft, which is why it went to great lengths to confirm that the Aircraft was not on Bell's destroyed list (as that would greatly diminish the value of the Aircraft), and that it was purchasing all right title and interest in the Aircraft, including the serial number.

22.      Ownership of the serial number is required to register an aircraft and to obtain an airworthiness certificate.

23.     After taking possession of the Aircraft, Mansfield contacted Vector Aerospace Helicopter Services ("Vector"), an independent, authorized Bell service center, who sent a representative to examine the Aircraft, and confirm that it could in fact be restored and returned to service in accordance with Bell's criteria for doing so.

24.     On or about October 17, 2008, a representative of Vector confirmed that "it should be no problem to recert [sic] this s/n airframe." Relying on this information, and its belief that it had acquired the serial number, along with the airframe, Mansfield elected to proceed with restoration of the Aircraft.

**D.     Grizzly's Registration of the Aircraft**

25.     On or about November 2008, as part of the restoration process, Mansfield attempted to gather all records for the Aircraft. When, as part of this process, Mansfield entered the Aircraft serial number into the Federal Aviation Administration ("FAA") website, it discovered, to its surprise, that a Bell 407 bearing the same serial number was registered to Defendant Grizzly.[1]  Given that the Aircraft bearing that serial number was in Mansfield's hanger in Vermont, Mansfield was confused as to how it could have been registered to another owner.

26.     Immediately after learning that a Bell 407 bearing the same serial number was registered to Grizzly, Mansfield contacted Grizzly's registered agent in Montana (the only listed contact), in order to clarify the situation. When told that Mansfield was looking for records pertaining to the Aircraft and that it was the owner of the Aircraft, Grizzly's registered agent became evasive, and despite additional calls from Mansfield, the registered agent was unwilling to provide any information regarding the situation.

---

[1] Upon information and belief, Grizzly continues to exercise dominion and control over the serial number and data plate.

27.     Shortly thereafter, Mansfield received an unsolicited e-mail from Mr. Tim J. Harrington, Jr., Deputy General Counsel at Bell (the "Harrington E-mail") on December 18, 2008. The e-mail, which was directed to Tina Lindberg, an employee of Mansfield, stated as follows: *"It has come to our attention that you claim to own the above aircraft. That would be a rather difficult position for you to sustain since the ship originally bearing that serial numbered dataplate was destroyed and that dataplate returned to us. Bell, with regulatory approval, re-used the number on another aircraft. Hence, please cease and desist from making any such further claims."* (emphasis added). Upon information and belief, Bell learned of Mansfield's attempts to contact Grizzly through Grizzly.

**E.     Mansfield's Investigation.**

28.     Since Mansfield had not had any prior contact with Bell about the Aircraft, it was surprised to receive the Harrington E-mail shortly after its communication with Grizzly. Therefore, in order to ascertain the situation regarding the Aircraft's registration and ownership, it requested all files on record with the FAA relating to the Aircraft.

29.     To Mansfield's surprise, the FAA registration file contained an FAA Bill of Sale purporting to evidence the sale of the Aircraft (*i.e.* the same Aircraft that was in Mansfield's hanger in Vermont) from Fifth Third to Grizzly dated August 16, 2006 ("Fifth Third Bill of Sale").

30.     After discovering additional suspect and conflicting information regarding the Aircraft and seemingly false representations about its ownership that had been made to the FAA, Mansfield contacted Turbines, who was also surprised to discover Grizzly's claims of ownership made in the official FAA registration file.

31.     Turbines then contacted Fifth Third to inquire into what appeared to be erroneous entries in the FAA registration file. Shortly thereafter, Turbines was contacted by an FAA

regional inspector in Montana, Mr. Bob Justesen, who stated that he had begun an investigation into the matter. Mr. Justesen advised Turbines that Grizzly did not have an office in Montana, but had a local law firm that acted as a registered agent, which forwarded all correspondence to an address in Virginia.

32.     However, soon after this initial conversation, Mr. Justesen phoned Turbines to inform it that he had been ordered by headquarters to close the FAA investigation into the matter.

**F.     Fifth Third Claims the Fifth Third Bill of Sale to Grizzly is a Forgery.**

33.     On March 25, 2010, after being made aware by Turbines of the existence of the Fifth Third Bill of Sale that was on file with the FAA, Fifth Third filed a disclaimer letter with the FAA stating, among other things, that: (a) the Fifth Third Bill of Sale was not authorized by Fifth Third; (b) the Fifth Third Bill of Sale had not been executed by an employee of Fifth Third; (c) Fifth Third never contracted with or agreed to transfer title to Grizzly; (d) Fifth Third did not own the Aircraft at the time of the purported sale to Grizzly; and (e) it believed that the Fifth Third Bill of Sale was a fraud.

**G.     The Conspiracy to Defraud.**

34.     Upon information and belief, Grizzly, Bell, and USAU engaged in a conspiracy to defraud Mansfield and any other rightful purchasers of the Aircraft from all "right, title, and interest" in the Aircraft, as USAU represented it was selling in 2004.

35.     Upon information and belief, contrary to the representations contained in the USAU Bill of Sale, USAU did not possess title to the Aircraft when it was sold at auction in 2004, as it never received a bill of sale from the prior registered owner.

36.     Upon information and belief, USAU and Bell had an agreement whereby Bell would destroy all data plates that it received from USAU, even though this was contrary to the representations that were being made by USAU to prospective purchasers.

37.     Upon information and belief, Bell and Grizzly had an agreement, whereby Bell would appropriate a serial number from an aircraft, based on a data plate that had been returned to it by USAU (and which was thus, presumably not in service), and use this serial number on a different aircraft, in contravention of FAA regulations and Mansfield's rights as the lawful owner of the Aircraft.

38.     Upon information and belief, and in furtherance of this conspiracy and its intent to defraud, Grizzly availed itself of the laws of the State of Texas by acquiring an aircraft from Bell in Texas bearing serial number 53072 and caused fraudulent documents to be filed with the FAA in the course of registering the aircraft, including, but not limited to, the Fifth Third Bill of Sale (which Fifth Third has claimed is a forgery).

39.     Upon information and belief, Bell participated in and ratified these fraudulent acts, when it knowingly and voluntarily reached out to Mansfield in the Harrington E-mail, stating that "with regulatory approval, [Bell] re-used the number on another aircraft."

40.     Upon information and belief, Bell expected that Mansfield would rely on Bell's knowing and willful misrepresentations made in the Harrington E-mail, and that Mansfield would be dissuaded from pursuing it claims to rightful title of the Aircraft.

## COUNT 1: FRAUD BY DEFENDANTS BELL AND USAU

41.     Plaintiff incorporates foregoing as though fully set forth herein.

42.     As set forth more fully above, Defendants Bell and USAU made representations to Plaintiff. For example, USAU represented that it had all right, title, and interest (including the serial number) to sell.  Bell, on the other hand, represented that the aircraft bearing serial number

53072 was destroyed and that the serial number had been properly re-issued on another aircraft. These representations were material, and Plaintiff relied on the representations, as set forth more fully above.

43.    The representations were false. As set forth above, Mansfield owns the aircraft bearing serial number 53072 that Bell represented was destroyed, and as such, the aircraft is currently in Mansfield's possession. Moreover, the serial number and data plate are being used by Grizzly. USAU and Bell knew the representations were false when they were made; or alternatively, USAU and Bell made the representations recklessly. USAU and Bell also made the representations with the intent that Mansfield (and others) act upon them. In fact, Bell demanded Mansfield "cease and desist" making claims of ownership as to the Mansfield Helicopter. Plaintiff relied on Bell and USAU's representations and was damaged.

### COUNT 2: FRAUD BY NONDISCLOSURE BY DEFENDANT BELL

44.    Plaintiff incorporates foregoing as though fully set forth herein.

45.    Bell failed to disclose certain facts to Plaintiff, including that it was incorrect in asserting that the Aircraft had been destroyed and that its serial number had been properly re-issued on another aircraft. Bell had a duty to disclose the whole truth because it voluntarily reached out to Plaintiff and "disclosed" certain information regarding the Mansfield Aircraft.

46.    Bell knew Plaintiff did not have an equal opportunity to discover the facts since, after the data plate for the Aircraft was returned to Bell, Bell was in control of the data plate's disposition. Bell was intentionally silent when it had a duty to speak, and its silence was designed to deprive Plaintiff of the Aircraft and its serial number and further its misrepresentations regarding the data plate's disposition. Plaintiff relied on Bell's representations and was damaged.

## COUNT 3: CONVERSION BY DEFENDANT GRIZZLY

47.     Plaintiff incorporates foregoing as though fully set forth herein.

48.     Plaintiff owns and possesses the Aircraft, including its serial number. The Aircraft is personal property.

49.     Grizzly has wrongfully exercised and continues to exercise dominion and control over the Aircraft's serial number and data plate, and Plaintiff has been damaged as a result.

## COUNT 4: CONSPIRACY BY ALL DEFENDANTS

50.     Plaintiff incorporates foregoing as though fully set forth herein.

51.     Bell, Grizzly, and USAU were members of a combination of two or more persons. Bell, Grizzly, and USAU embarked on a planned strategy to attempt to defraud potential purchasers of the Aircraft, including Mansfield, which would have the purpose and effect of materially benefiting Bell, Grizzly, and USAU financially. Pursuant to Texas law, two or more businesses can conspire with each other: Bell, Grizzly, and USAU did so.

52.     The object of the combination of Bell, Grizzly, and USAU was to accomplish an unlawful purpose by unlawful means. The foregoing paragraphs outline the fraudulent representations that were disseminated, with Bell, Grizzly, and USAU's knowledge, to Mansfield and others.

53.     Bell, Grizzly, and USAU understood and knew what they were doing such that a meeting of the minds occurred. Pursuant to Texas law, an express agreement is not necessary and the agreement may be established by a course of conduct.

54.     Bell, Grizzly, and USAU committed overt acts of fraud to further the conspiracy, including the affirmative fraudulent misrepresentations set forth above. As a result of these actions, Plaintiff suffered damages.

## <u>COUNT 5</u>: DECLARATORY JUDGMENT

55.     Plaintiff incorporates foregoing as though fully set forth herein.

56.     Plaintiff's property rights are adversely affected by the Defendants.  Therefore, pursuant to Texas Civil Practice and Remedy Code § 37.001 *et seq*., Plaintiff requests this Court to determine and declare that Mansfield owns all right, title, and interest in serial number 53072 and the data plate for the Aircraft and that Defendants have no rights in the same.

57.     Further, Plaintiff requests that this Honorable Court award them all taxable court costs, reasonable and necessary attorney's fees, together with pre-judgment interest at the highest legal rates.

## VI.     DEMAND FOR JURY

58.     Plaintiff demands a jury trial.

## VII.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer.  The Plaintiff requests that it be awarded judgment against the Defendants for the following:

(1)     Plaintiff's actual losses;

(2)     Punitive damages;

(3)     Prejudgment interest from the date first lawfully available to the date of judgment, at the highest lawful rate;

(4)     Post-judgment interest at the rate provided by law, from the date of judgment until same is paid in full;

(5)     All costs of court;

(6)     Enjoining Grizzly from use of the serial number for the Aircraft;

(7)     Ordering Grizzly to return the data plate for the Aircraft; and

(8)     Such further relief, both specific and general, in law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**McCONWELL LAW OFFICES**
Edward A. McConwell
Kansas Bar No. 06454
5925 Beverly Avenue
Mission, Kansas 66202
913-262-0605
913-262-0652 (fax)
ed@mcconwell.com

**PASSMAN & JONES, P.C.**

Christopher A. Robison
Texas State Bar No. 24035720
1201 Elm Street, Suite 2500
Dallas, Texas 75270
214-742-2121
(f) 214-748-7949
robisoncj@passmanjones.com

ATTORNEYS FOR PLAINTIFF