

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MANSFIELD HELIFLIGHT, INC. )<br>   Plaintiff, )<br> )<br>vs. )<br> ) Civil Action Number: 4-12-CV-203-A<br>GRIZZLY HELO LEASING, LLC. )<br>BELL HELICOPTER TEXTRON )<br>INC. and UNITED STATES AVIATION )<br>UNDERWRITERS, INC. )<br>   Defendants ) | |

**MEMORANUM IN SUPPORT OF BELL HELICOPTER TEXTRON INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

This lawsuit involves the purchase of a destroyed aircraft by Plaintiff Mansfield Heliflight, Inc. ("Mansfield"). Defendant Bell Helicopter Textron Inc. ("Bell") is the original manufacturer of the destroyed aircraft. Mansfield has sued Bell for a number of claims, including fraud, fraud by non-disclosure, and conspiracy. By this motion, Bell seeks dismissal of those claims for the following reasons:

(1) The alleged fraud complained of occurred after the transaction in question;

(2) The alleged fraud by non-disclosure complained of occurred after the transaction in question; and

(3) Conspiracy is improper because Mansfield's pleading fails to state claims for fraud and fraud by non-disclosure upon which relief may be granted.

In support of this motion, Bell shows as follows:

## FACTUAL BACKGROUND[1]

Bell designs, manufactures, and sells helicopters under the name Bell, which helicopters bear the trademarked designation "bh." The "bh" mark has been registered under federal trademark registration number 1552771 since 1989. The "bh" designation is visible at various places on Bell helicopters, including their airframe data plate or plates.

From 1996 to the present, Bell has manufactured model 407 helicopters for civilian commercial use. The airframe data plate of a Bell model 407 helicopter contains the aforementioned registered Bell trademark. The airframe data plate also identifies a helicopter as a Bell model 407, which is manufactured by Bell, and it gives Bell's serial number for the subject helicopter.

In 1996, Bell manufactured a Bell Helicopter model 407, serial number 53072 (hereinafter "SN-53072 aircraft") and upon information and belief sold the aircraft to Petroleum Helicopters, Inc. (hereinafter "PHI") through The Fifth Third Leasing Company ("Fifth Third"), which was thereafter registered as FAA registration number N437PH.

Mansfield has pled that the SN-53072 aircraft was damaged when in 2004 it made an emergency landing in the Gulf of Mexico. *See* Plaintiff's Original Petition at ¶ 10.

Mansfield has pled that it is in the business of buying helicopters that have been in aircraft accidents or incidents, allegedly restoring them to airworthy condition, and then offering such helicopters for resale on the used aircraft market. *See* Plaintiff's Original Petition at ¶ 20.

Mansfield has plead that it intended to purchase the collection of damaged parts to restore them to airworthy condition and offer it for resale on the used aircraft market. *See* Plaintiff's Original Petition at ¶¶ 20 and 21. Mansfield has also plead that prior to its purchase of the

---

[1] Bell disagrees with many of the assertions contained in Mansfield's Original Petition. But for purposes of this motion to dismiss only, Bell has assumed the truth of Mansfield's allegations.

collection of damaged parts, Mansfield was aware that the insurer of the destroyed aircraft, United States Aviation Underwriters, Inc. ("USAU"), had surrendered the airframe data plate containing its serial number back to Bell, the manufacturer. *See* Plaintiff's Original Petition at ¶¶ 11, 20, and 21. Specifically, Mansfield admits in its pleading that "USAU represented among other things, that the airframe data plate 'would be removed and forwarded to the respective manufacturer [*i.e.* Bell].'" *See* Plaintiff's Original Petition at ¶ 11.

Mansfield has pled that "[o]n or about May 2008, Mansfield purchased the Aircraft for $169,000." *See* Plaintiff's Original Petition at ¶ 15.

Mansfield has further pled that its alleged fraud claim against Bell is based solely on a December 18, 2008 e-mail from Mr. Tim J. Harrington, Jr., Deputy General Counsel at Bell, to Tina Lindberg, an employee of Mansfield (the "Harrington E-mail"). *See* Plaintiff's Original Petition at ¶ 27. Specifically, Mansfield bases its entire fraud claim against Bell on the following statements in the Harrington E-mail:

> It has come to our attention that you claim to own the [SN-53072 aircraft]. That would be a rather difficult position for you to sustain since the ship originally bearing that serial numbered dataplate was destroyed and that dataplate was returned to us. Bell, with regulatory approval, re-used the number on another aircraft. Hence, please cease and desist from making any such further claims.

*See id.* Mansfield claims that "Bell expected Mansfield would rely on Bell's knowing and willful misrepresentations made in the Harrington E-mail...." *See id.* at ¶ 40.

Mansfield admits that "Mansfield had not had any prior contact with Bell about the Aircraft" before receiving the Harrington E-mail on December 18, 2008. *See id.* at ¶ 28.

## ARGUMENT

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 554, 570 (2007)). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Legal conclusions are disregarded in assessing the sufficiency of a plaintiff's allegations. *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 486 (5th Cir. 2003) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). A complaint must make a "'showing,' rather than a blanket assertion, of entitlement to relief" supported by sufficient "factual allegation[s]." *Twombly*, 550 U.S. at 556 n.3.

Here, Mansfield has asserted the following three claims against Bell:[2]

(a)  Fraud;
(b)  Fraud by non-disclosure; and
(c)  Conspiracy.

Taking all of Manfield's allegations as true, Mansfield still cannot be granted relief on any of these above claims for the following three reasons.

1.  **The alleged fraud complained of occurred after the transaction in question.**

Mansfield has pled that "**[o]n or about May 2008**, Mansfield purchased the Aircraft for $169,000." *See* Plaintiff's Original Petition at ¶ 15 (emphasis added).

Mansfield has further pled that its alleged fraud claim against Bell is based solely on a **December 18, 2008** e-mail from Mr. Tim J. Harrington, Jr., Deputy General Counsel at Bell, to Tina Lindberg, an employee of Mansfield (the "Harrington E-mail"). *See* Plaintiff's Original Petition at ¶ 27. Specifically, Mansfield bases its entire fraud claim against Bell on the following statements in the Harrington E-mail:

> It has come to our attention that you claim to own the [SN-53072 aircraft]. That would be a rather difficult position for you to sustain since the ship originally bearing that serial numbered dataplate was destroyed and that dataplate was returned to us. Bell, with regulatory approval, re-used the number on another aircraft. Hence, please cease and desist from making any such further claims.

*See id.*

---

[2] Mansfield has also asserted a claim for declaratory judgment which is not the subject of this motion.

Mansfield claims that "Bell expected Mansfield would rely on Bell's knowing and willful misrepresentations made in the Harrington E-mail...." *See id.* at ¶ 40. Although Mansfield admits it purchased the destroyed aircraft in May 2008, Mansfield admits that "Mansfield had not had any prior contact with Bell about the Aircraft" before receiving the Harrington E-mail on December 18, 2008. *See id.* at ¶¶ 15, 28.

Fraud requires proof that, among other things, (1) the defendant made a representation to the plaintiff with the intent that the plaintiff act on it, and (2) the plaintiff did in fact act on the representation to its detriment. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d, 774 (Tex. 2009).

Here, Mansfield's alleged fraud claim is baseless because the alleged representation made by Bell occurred 8 months **after** Mansfield had purchased the aircraft. *Compare* Plaintiff's Original Petition at ¶ 15 *with* Plaintiff's Original Petition at ¶¶ 27, 28, 42. There is absolutely no way that Mansfield could have relied on a representation in choosing to purchase the destroyed aircraft when the alleged representation took place 8 months **after** Mansfield had already purchased it.

Consequently, Mansfield has failed to state a claim for fraud upon which relief may be granted.

2.  **The alleged fraud by non-disclosure complained of occurred after the transaction in question.**

Like its fraud claim, Mansfield has pled itself out of court on its fraud by non-disclosure claim. To succeed on a fraud by non-disclosure cause of action, a plaintiff must establish that the defendant concealed or failed to disclose information related to the transaction in question. *See Bradford v. Vento,* 48 S.W.3d 749, 755 (Tex. 2001). The only transaction in question is Mansfield's purchase of the destroyed aircraft, which took place in May 2008. *See* Plaintiff's Original Petition at ¶ 15. Mansfield has pled that it had no "prior contact with Bell about the Aircraft" before receiving the Harrington E-mail on December 18, 2008. *See id.* at ¶ 28. Any alleged non-disclosure by Bell could only have occurred **after** Mansfield had already purchased

the destroyed aircraft. Consequently, Mansfield's pleading fails to state a fraud by non-disclosure claim upon which relief may be granted.

### 3. Conspiracy is improper because Mansfield's pleading fails to state claims for fraud and fraud by non-disclosure upon which relief may be granted.

Mansfield has pled that "Bell [and others] embarked on a planned strategy to attempt to defraud… Mansfield." *See* Plaintiff's Original Petition at ¶ 51. Mansfield has averred that "Bell [and others] committed overt acts of fraud to further the conspiracy, including the affirmative fraudulent misrepresentations set forth" in Plaintiff's Original Petition. *See id.* at ¶ 54.

As conclusively shown above, Mansfield's pleading fails to state claims for fraud and fraud by non-disclosure upon which relief may be granted. As a result, Mansfield's pleading also fails to state a claim for conspiracy upon which relief may be granted. *See, e.g., Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 617 (Tex. 1996) (explaining that the elements of conspiracy require participation of an underlying tort, and if no underlying tort was committed, then plaintiff has no claim for conspiracy); *see also Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) ("[A] defendant's liability for conspiracy depends on participation in some underlying tort….").

## CONCLUSION

For the reasons provided herein, Bell respectfully requests that the Court dismiss the claims against Bell for fraud, fraud by non-disclosure, and conspiracy.

Respectfully submitted,

/s/ J. Frank Kinsel, Jr.
J. Frank Kinsel, Jr.
Texas State Bar No. 11488700
(jkinsel@canteyhanger.com)
David B. Dowell
Texas State Bar No. 06077950
(bdowell@canteyhanger.com)
OF
Cantey Hanger, LLP
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
817-877-2816
FAX: 817-877-2807

ATTORNEYS FOR DEFENDANT
Bell HELICOPTER TEXTRON, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the individual listed below in the following manner on this the 25th day of April, 2012:

**Certified Mail/Return Receipt Requested and Federal Express**
Mr. Edward A. McConwell
McConwell Law Offices
5925 Beverly Avenue
Mission, Kansas 66202

**Certified Mail/Return Receipt Requested and Hand Delivery**
Mr. Christopher A. Robison
Passman & Jones, P.C.
1201 Elm Street, Suite 2500
Dallas, Texas 75270

**Certified Mail/Return Receipt Requested and Hand Delivery**
Mr. Stephen C. Howell
Brown, Dean, Wiseman, Proctor, Hart & Howell, L.L.P.
306 West 7th Street
Fort Worth Club Building, Suite 200
Fort Worth, Texas 76102

_____
J. Frank Kinsel, Jr.