U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 26 2012
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MANSFIELD HELIFLIGHT, INC., § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> GRIZZLY HELO LEASING, LLC, § <br> ET AL., § <br> § <br> Defendants. § | NO. 4:12-CV-203-A |

ORDER

Having reviewed the notice of removal filed in the above action by defendant United States Aviation Underwriters, Inc. ("USAU"), the court finds that USAU has failed adequately to allege the basis of this court's jurisdiction and must file an amended notice of removal.

USAU alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as one of the bases of this court's jurisdiction.[1] When jurisdiction is based on diversity of citizenship, pleadings to establish diversity must set forth with specificity the citizenship of the parties. Stafford v. Mobile Oil Corp., 945 F.2d 803, 804 (5th Cir. 1991).

---

[1] The notice of removal also alleged that removal was proper pursuant to 28 U.S.C. § 1331 because plaintiff's suit involved a federal question. Having considered plaintiff's state court petition, however, the court is not persuaded that such jurisdiction is present in this action.

For diversity-jurisdiction purposes, a limited liability company's citizenship is determined by the citizenship of each of its members. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1080 (5th Cir. 2008). In the notice of removal USAU alleged that defendant Grizzly Helo Leasing, LLC ("Grizzly"), is a "corporation organized and existing under the laws of the State of Montana" and that Grizzly "is a citizen of the state of Montana with its principal place of business in Montana." Notice of Removal at 3. Were Grizzly a corporation, such allegations would adequately allege its citizenship. However, it appears from the "LLC" in its name that Grizzly is a limited liability company, rather than a corporation. Thus, in the amended notice of removal, USAU must identify each of Grizzly's members and indicate their state or states of citizenship. To the extent any member is another entity, including a partnership or limited liability company, USAU must provide the state of citizenship of each of those entities' partners or members as well. <u>Harvey</u>, 542 F.3d at 1080.

Therefore,

The court ORDERS that USAU by May 11, 2012, file an amended notice of removal that properly alleges the citizenship of Grizzly

The court further ORDERS that failure of USAU to comply with

2

this order may result in the imposition of sanctions, including, but not limited to, remand of this action to the state court from which it was removed, without further notice.

SIGNED April 26, 2012.

JOHN McBRYDE
United States District Judge