ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 MAY -1  AM 9: 09

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| MANSFIELD HELIFLIGHT, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | 4-12cv-203-A |
| | § | |
| v. | § | JURY |
| | § | |
| GRIZZLY HELO LEASING, L.L.C., | § | |
| BELL HELICOPTER TEXTRON, INC., and | § | |
| UNITED STATES AVIATION | § | |
| UNDERWRITERS, INC. | § | |
| | § | |
| Defendants. | § | |

## GRIZZLY HELO LEASING, LLC'S ORIGINAL ANSWER, 12(B) DEFENSES, AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Grizzly Helo Leasing, LLC ("Grizzly"), by and through their undersigned counsel, file their Answer to Plaintiff's Plaintiff's Original Petition, and in support thereof state as follows:

### I.    DISCOVERY CONTROL PLAN

1.    As to the averments contained with paragraph 1 of Plaintiff's Original Petition, the averments are conclusions of law to which no response is required; therefore, the averments are deemed denied.

## II.    PARTIES

2.    As to the averments contained within paragraph 2 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 2 of the Petition and, therefore, deny the allegations contained therein.

3.    As to the averments contained with paragraph 3 of Plaintiff's Original Petition, Grizzly admits that it is a corporation organized and existing under the laws of the state of Montana. Grizzly admits that it has been served with process through the Texas Secretary of State and that Alice H. Hinshaw is the agent for service of process. Otherwise, the averments are denied.

4.    As to the averments contained within paragraph 4 of Plaintiff's Original Petition, Grizzly admits that Bell is a Delaware entity doing business in Tarrant County, Texas. Otherwise, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 4 of the Petition and, therefore, deny the allegations contained therein.

5.    As to the averments contained within paragraph 5 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 5 of the Petition and, therefore, deny the allegations contained therein.

### III.    VENUE

6.      As to the averments contained within paragraph 6 of Plaintiff's Original Petition, the averments are conclusions of law to which no response is required; therefore, the averments are denied.

### IV.    JURISDICTION

7.      As to the averments contained within paragraph 7 of Plaintiff's Original Petition, Grizzly denies the averments.

8.      As to the averments contained within paragraph 8 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 8 of the Petition and, therefore, deny the allegations contained therein.

9.      As to the averments contained within paragraph 9 of Plaintiff's Original Petition, Grizzly denies that Plaintiff is entitled to damages from Grizzly, but admits that Plaintiff pleads that it is entitled to more than the jurisdictional limits of this Court. As to the remainder of the averments, Grizzly without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 9 of the Petition and, therefore, deny the allegations contained therein.

## V.    BACKGROUND FACTS

### A.    USAU'S Auction of the Aircraft

10.    As to the averments contained within paragraph 10 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 10 of the Petition and, therefore, deny the allegations contained therein.

11.    As to the averments contained within paragraph 11 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 11 of the Petition and, therefore, deny the allegations contained therein.

12.    As to the averments contained within paragraph 12 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 12 of the Petition and, therefore, deny the allegations contained therein.

13.    As to the averments contained within paragraph 13 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 13 of the Petition and, therefore, deny the allegations contained therein.

14.    As to the averments contained within paragraph 14 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief

as to the truth of the allegations contained in Paragraph 14 of the Petition and, therefore, deny the allegations contained therein.

**B.     Mansfield's Purchase of the Aircraft.**

15.     As to the averments contained within paragraph 15 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 15 of the Petition and, therefore, deny the allegations contained therein.

16.     As to the averments contained within paragraph 16 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 16 of the Petition and, therefore, deny the allegations contained therein.

17.     As to the averments contained within paragraph 17 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 17 of the Petition and, therefore, deny the allegations contained therein.

18.     As to the averments contained within paragraph 18 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 18 of the Petition and, therefore, deny the allegations contained therein.

19.    As to the averments contained within paragraph 19 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 19 of the Petition and, therefore, deny the allegations contained therein.

**C.    Mansfield's Attempt to Restore the Aircraft.**

20.    As to the averments contained within paragraph 20 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 20 of the Petition and, therefore, deny the allegations contained therein.

21.    As to the averments contained within paragraph 21 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 21 of the Petition and, therefore, deny the allegations contained therein.

22.    As to the averments contained within paragraph 22 of Plaintiff's Original Petition, the averments are conclusions of law to which no response is required; therefore, the averments are deemed denied.

23.    As to the averments contained within paragraph 23 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 23 of the Petition and, therefore, deny the allegations contained therein.

24.    As to the averments contained within paragraph 24 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 24 of the Petition and, therefore, deny the allegations contained therein.

**D.    Grizzly's Registration of the Aircraft**

25.    As to the averments contained within paragraph 25 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations related to Mansfield's actions and, therefore, deny the allegations contained therein.  Grizzly denies that Mansfield has ownership over helicopter s/n 53072; Grizzly admits only that it owns helicopter s/n 53072, which is registered with the Federal Aviation Administration's aircraft registry in Oklahoma City.  Otherwise, Grizzly denies the remainder of any allegations contained in Paragraph 24 of the Complaint.

26.    As to the averments contained within paragraph 26 of Plaintiff's Original Petition, Grizzly admits only that Mansfield contacted its registered agent in Montana; otherwise, the allegations are denied.

27.    As to the averments contained within paragraph 27 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 27 of the Petition and, therefore, deny the allegations contained therein.

### E.    Mansfield's Investigation

28.    As to the averments contained within paragraph 28 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 28 of the Petition and, therefore, deny the allegations contained therein.

29.    As to the averments contained within paragraph 29 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 29 of the Petition and, therefore, deny the allegations contained therein.

30.    As to the averments contained within paragraph 30 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 30 of the Petition and, therefore, deny the allegations contained therein.

31.    As to the averments contained within paragraph 31 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 31 of the Petition and, therefore, deny the allegations contained therein.

32.    As to the averments contained within paragraph 32 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief

as to the truth of the allegations contained in paragraph 32 of the Petition and, therefore, deny the allegations contained therein.

**F.      Fifth Third Claims the Fifth Third Bill of Sale to Grizzly is a Forgery**

33.     As to the averments contained within paragraph 33 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 33 of the Petition and, therefore, deny the allegations contained therein.

**G.      The Conspiracy to Defraud**

34.     As to the averments contained within paragraph 34 of Plaintiff's Original Petition, Grizzly denies that it was part of any conspiracy to commit fraud on Mansfield. For the remainder of the allegations, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 34 of the Petition and, therefore, deny the allegations contained therein.

35.     As to the averments contained within paragraph 35 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 35 of the Petition and, therefore, deny the allegations contained therein.

36.     As to the averments contained within paragraph 36 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief

as to the truth of the allegations contained in paragraph 36 of the Petition and, therefore, deny the allegations contained therein.

37.    As to the averments contained within paragraph 37 of Plaintiff's Original Petition, they are denied.

38.    As to the averments contained within paragraph 38 of Plaintiff's Original Petition, they are denied.

39.    As to the averments contained within paragraph 39 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 39 of the Petition and, therefore, deny the allegations contained therein.

40.    As to the averments contained within paragraph 40 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 40 of the Petition and, therefore, deny the allegations contained therein.

## COUNT 1: FRAUD BY DEFENDANTS BELL AND USAU

41.    As to the averments contained within paragraph 41 of Plaintiff's Original Petition, Grizzly incorporates the forgoing as though fully set forth herein.

42.    As to the averments contained within paragraph 42 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief

as to the truth of the allegations contained in paragraph 42 of the Petition and, therefore, deny the allegations contained therein.

43.    With respect to the allegations contained by reference in Paragraph 43 of Plaintiff's Complaint, Grizzly admits that s/n 53072 is owned by Grizzly.  Otherwise, Grizzly denies the remainder of the allegations.

## COUNT 2:  FRAUD BY NONDISCLOSURE BY DEFENDANT BELL

44.    As to the averments contained within paragraph 44 of Plaintiff's Original Petition, Grizzly incorporates the forgoing as though fully set forth herein.

45.    As to the averments contained within paragraph 45 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 45 of the Petition and, therefore, deny the allegations contained therein.

46.    As to the averments contained within paragraph 46 of Plaintiff's Original Petition, Grizzly is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph 46 of the Petition and, therefore, deny the allegations contained therein.

## COUNT 3:  CONVERSION BY DEFENDANT GRIZZLY

47.     As to the averments contained within paragraph 47 of Plaintiff's Original Petition, Grizzly incorporates the forgoing as though fully set forth herein.

48.     As to the averments contained within paragraph 48 of Plaintiff's Original Petition, they are denied.

49.     As to the averments contained within paragraph 49 of Plaintiff's Original Petition, they are denied.

### COUNT 4:  CONSPIRACY BY ALL DEFENDANTS

50.     As to the averments contained within paragraph 50 of Plaintiff's Original Petition, Grizzly incorporates the forgoing as though fully set forth herein.

51.     As to the averments contained within paragraph 51 of Plaintiff's Original Petition, they are denied.

52.     As to the averments contained within paragraph 52 of Plaintiff's Original Petition, they are denied.

53.     As to the averments contained within paragraph 53 of Plaintiff's Original Petition, they are denied.

54.     As to the averments contained within paragraph 54 of Plaintiff's Original Petition, they are denied.

### COUNT 5:  DECLARATORY JUDGMENT

55.     As to the averments contained within paragraph 55 of Plaintiff's Original Petition, Grizzly incorporates the forgoing as though fully set forth herein.

56.    As to the averments contained within paragraph 56 of Plaintiff's Original Petition, they are denied.

57.    As to the averments contained within paragraph 57 of Plaintiff's Original Petition, they are denied.

## VI.    DEMAND FOR JURY

58.    As to the averments contained within paragraph 58 of Plaintiff's Original Petition, the averments are legal conclusions that do not require a response and, therefore, are deemed denied.  Grizzly demands a jury trial.

## VII.    PRAYER

59.    As to the averments contained within the unnumbered paragraph and subparts entitled "PRAYER," Grizzly denies that Mansfield is entitled to such relief.

## VIII.    12(b) DEFENSES

60.    This Court lacks personal jurisdiction over Grizzly. Fed. R. Civ. P. 12(b)(2).

61.    Plaintiff Mansfield has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

## IX.    DENIAL

62.    Except as specifically admitted or otherwise addressed, Grizzly denies the averments contained in Plaintiff's petition

## X.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

63.    Alternatively, Mansfield's claims are barred, in whole or in part, by the applicable statute of limitation for conversion, fraud, and conspiracy, including without limitation Tex. Civ. Prac. & Rem. Code §§ 16.003(a) and 16.004(a), *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008), *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 645 (5th Cir. 1999), and *Chevalier v. Animal Rehabilitation Center, Inc.*, 839 F. Supp. 1224, 1232 (N.D. Tex. 1993).  Further, based on the allegations of Mansfield's petition, Mansfield is not entitled to the application of the discovery rule.

## SECOND AFFIRMATIVE DEFENSE

64.    Alternatively, Grizzly asserts that, upon information and belief, any and all of the alleged damages claimed by Plaintiff were the result of Plaintiff's culpable conduct through its own intentional acts, its negligence and/or its own acts or omissions, and Plaintiff's damages, if any, should be diminished in accordance with the degree of culpability or fault attributable to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

65.    Alternatively, Grizzly asserts that, upon information and belief, any and all of the alleged damages claimed by Plaintiff were the result the culpable conduct of third parties over which Grizzly had no right of control.  Plaintiff's damages, if any, should be diminished in accordance with the degree of culpability or fault attributable to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

66.    Alternatively, Grizzly asserts that it is and has been the legally registered owner of Bell 407 s/n 53072 and that it has a superior right of title to that aircraft. Grizzly asserts that Mansfield's claims are governed by, precluded by, and preempted by application of federal law, including without limitation the Federal Aviation Regulations relating to titles and recordation and *Philko Aviation, Inc. v. Shacket*, 462 U.S. 406 (1983).

## FIFTH AFFIRMATIVE DEFENSE

67.    Alternatively, Grizzly asserts that the Plaintiff's claims are barred in whole or in part because Plaintiff admits that it always understood that it would not receive the data plate, which was to be returned to Defendant Bell. Plaintiff has admitted that it did not receive the data plate and that the data plate was returned to the manufacturer. As such, under the Federal Aviation Regulations and other applicable law, including without limitation 14 C.F.R. part 45, Plaintiff was not purchasing a Bell 407 s/n 53072, but was, instead, purchasing a collection of damaged parts without any identity as an aircraft.

## SIXTH AFFIRMATIVE DEFENSE

68.    Alternatively, Grizzly asserts that the Plaintiff is not entitled to equitable relief due to the equitable doctrines of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

69.    Alternatively, Grizzly asserts that Plaintiff has failed to mitigate its alleged damages.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

70.     Alternatively, Grizzly asserts that Plaintiff's claims, in whole or in part, are governed by or preempted by federal law, including without limitation the Federal Aviation Regulations.

<u>RESERVATION</u>

71.     Grizzly expressly reserves the right to assert additional defenses as such defenses become known through further investigation and/or discovery.

## **XIII.  PRAYER**

Defendant Grizzly request that:

1.     That this suit be dismissed for lack of personal jurisdiction;

2.     That judgment be entered that Plaintiff take nothing by this suit;

3.     That Grizzly be declared the owner of Bell 407 s/n 53072 and that Mansfield be declared to not have any interest in Bell 407 s/n 53072, that serial number, or the associated data plate;

4.     That Grizzly be awarded its costs and attorneys' fees; and

5.     That Grizzly be awarded such other and further relief, both general and special, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

Charles H. Smith– Lead Attorney
State Bar No. 18550500
Email: chsmith@smith-moore.com
David Denny
State Bar No. 00787354
Email: ddenny@smith-moore.com
3030 Lincoln Plaza
500 N. Akard Street
Dallas, Texas  75201
(214) 740-4200
(214) 740-4242 - Telecopier

ATTORNEYS FOR DEFENDANTS
GRIZZLY HELO LEASING, LLC.

OF COUNSEL:

SMITH & MOORE, PLLC
3030 Lincoln Plaza
500 N. Akard Street
Dallas, Texas  75201
(214) 740-4200
(214) 740-4242 - Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that on this ⎣ day of May, 2012, I sent a copy of the forgoing document by first-class mail to the following:

Edward A. McConwell
McConwell Law Offices
5925 Beverley Ave.
Mission, KS 6602

Christopher Robison
Passman & Jones, PC
1201 Elm St., ste. 2500
Dallas, TX 75270

Stephen Howell
Brown, Dean, Wiseman, Proctor, Hart & Howell
306 West 7th St.
Fort Worth Club Building, ste 200
Fort Worth, TX 76102

Jeff Kinsel
Cantey Hanger
600 W. 6th St., ste 300
Fort Worth, TX 76102

Attorneys for Defendant
Grizzly