IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MANSFIELD HELIFLIGHT, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CAUSE NO. 4:12-CV-00203-A |
| | § | |
| GRIZZLY HELO LEASING, LLC, | § | |
| BELL HELICOPTER TEXTRON, | § | |
| INC. and UNITED STATES | § | |
| AVIATION UNDERWRITERS, INC. | § | |
| Defendants | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION TO REMAND**

## TABLE OF CONTENTS

**PAGE**

I. PROCEDURAL HISTORY .................................................................................................. 4

II. ARGUMENT AND AUTHORITIES ................................................................................... 5

A. Standard of Review. ............................................................................................................ 5

B. The Court Should Remand this Cause Pursuant to the Forum Defendant Rule. ................. 6

    i. Section 1441's "Joined and Served" Language Does Not Apply Because None of the Defendants were Served at the Time of USAU's Removal. .............................. 6

    ii. Adopting USAU's Interpretation and Application of Section 1441(b)(2) Would Lead to Illogical Results. ........................................................................................ 9

C. The Court Should Remand this Case in the Event USAU Fails to File an Amended Notice of Removal Adequately Alleging Grizzly's Citizenship. ................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) .................................................. 5

*Allen v. GlaxoSmithKline PLC*, No. 07-5045, *available at* 2008 WL 2247067, at * 4 (E.D. Pa. May 30, 2008) .................................................................................................................. 12

*Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir.1986) ............................................................. 5

*Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.1969) ...................................... 10

*Davis v. Cash*, No. Civ. 3:01-CV-1037-H, *available at* 2001 WL 1149355, at *3 (N.D. Tex. September 27, 2001) ........................................................................................................... 9

*Ethington v. General Elec. Co.*, 575 F.Supp.2d 855, 864 (N.D.Ohio 2008) ............................... 10

*Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) ........................................... 5

*Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008) ............................................................... 5

*Harvey v. Grey Wolf Drilling Co.*, 542 F.2d 1077, 1080 (5th Cir. 2008) ................................... 13

*Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361, 1369 (N.D. Ga. 2011) ................................. 7, 10

*Holmstrom v. Harad*, No. 05–C–2714, *available at* 2005 WL 1950672, at *1 (N.D.Ill. Aug. 11, 2005) .......................................................................................................................... 7, 8, 9

*Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir.1994) ....................................... 5

*Lively v. Wild Oats*, 456 F.3d 933, 940 (9th Cir.2006) ............................................................... 9

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ............................................................................................................. 8

*N.C. ex rel. Jones v. Pfizer, Inc.*, No. C 12-00531 WHA, *available at* 2012 WL 1029518, at * 4 (N.D. Cal. March 26, 2012) .............................................................................................. 10

*Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334 (1939) ........................ 11

*Recognition Comms., Inc. v. Am. Auto. Ass'n*, No. 3:97–CV–0945–P, 1998 WL 119528, at *2 (N.D.Tex. Mar. 5, 1998) (Solis, J.) ................................................................................. 8, 9

*Stafford v. Mobile Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) ............................................... 12

*Standing v. Watson Pharm., Inc.*, No. CV09-0527, *available at* 2009 WL 842211, at *3 (C.D.Cal. March 26, 2009) ............................................................................................... 10

*Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d 640, 644 (D.N.J.2008) ..................... 10, 11, 12

*Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734-5 (N.D.Ill.2007) ............................................. 9, 12

**Statutes**

28 U.S.C. § 1441(b)(2) ............................................................................................................. 6, 7

COMES NOW Mansfield Heliflight, Inc., Plaintiff, and files this brief in support of its unopposed motion requesting that the Court remand this action to the 352nd Judicial District Court of Tarrant County, Texas.

## I.  PROCEDURAL HISTORY

1. Plaintiff initiated this litigation in the 352nd Judicial District Court of Tarrant County, Texas, on March 23, 2012. Plaintiff asserts state law claims for fraud, fraud by nondisclosure, conversion, conspiracy, and declaratory judgment pursuant to Texas Civil Practice and Remedies Code § 37.001 *et seq*.

2. On April 3, 2012, <u>prior</u> to any Defendant being served with process, Defendant United States Aviation Underwriters, Inc. ("<u>USAU</u>") quickly filed a defective Notice of Removal in this Court. *See* Dkt.'s 1 (Notice of Removal), 12 (Order pointing out deficiencies in the Notice of Removal). The Notice of Removal asserts removal was proper because: (1) Plaintiff's suit involves a federal question;[1] and (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interests and costs. *See* Dkt. 1, p. 2, ¶ 4.

3. On April 16, 2012, USAU filed an Answer to Plaintiff's Petition in this Court.

4. On April 25, 2012, Defendants Bell Helicopter Textron, Inc. ("<u>Bell</u>") appeared through counsel and filed a Motion to Dismiss Plaintiff's claims. *See* Dkt.'s 8 and 9. Bell also filed a Notice of Consent, in which it consented to removal of this action from the state court. *See* Dkt. 10.

---

[1] In its Order of April 26, 2012, the Court stated that it had reviewed Plaintiff's state court petition and was not persuaded that federal question that federal question jurisdiction is present in this action. *See* Dkt. 12, p. 1.

5. On April 26, 2012, the Court entered an Order and found USAU failed to adequately allege the basis of the Court's jurisdiction because USAU failed to properly allege the citizenship of Defendant Grizzly Helo Leasing, LLC ("Grizzly"). *See* Dkt. 12, p. 2. The Court also ordered USAU to file an amended notice of removal properly alleging the citizenship of Grizzly by May 11, 2012, and stated that failure to do so could result in remand of this action to the state court from which it was removed. *See id.*

6. On May 1, 2012, Defendant Grizzly appeared through counsel and filed its Original Answer, 12(b) Defenses, and Affirmative Defenses. *See* Dkt. 13. Grizzly did not file a Notice of Consent to removal of the action from the state court, nor did it admit the Court has subject matter jurisdiction over this action in its Answer.

7. For the reasons set below, Plaintiff respectfully submits the Court should grant Plaintiff's Motion and remand this litigation to the 352nd Judicial District of Tarrant County, Texas.

## II.   ARGUMENT AND AUTHORITIES

### A.   Standard of Review.

8. As a general rule, statutes conferring removal jurisdiction are strictly construed against removal. *See Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir.1994); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir.1986). The defendant has the burden of proving its right to a federal forum. *See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008). Because removal raises significant federalism concerns, the removal statutes are strictly construed "and any doubt as to the propriety of removal should be resolved in favor of remand." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

B.  **The Court Should Remand this Cause Pursuant to the Forum Defendant Rule.**

9.  The "forum defendant rule" is set forth in 28 U.S.C. § 1441(b)(2), which provides: "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2).

10. Here, Defendant Bell is undisputedly a citizen of the State of Texas. Therefore, USAU turns to the "joined and served" language in Section 1441(b)(2) to preclude application of the forum defendant rule. *See* Dkt. 1, p. 4, ¶ 8.

11. According to USAU, although Bell "is named as a diverse local defendant, it [had] not been served, as of the time of removal, and can therefore be disregarded for purposes of removal." *See id.* USAU's argument is without merit for several reasons.

   i.  **Section 1441's "Joined and Served" Language Does Not Apply Because None of the Defendants were Served at the Time of USAU's Removal.**

12. The Court should remand this case because <u>none</u> of the Defendants had been served at the time of removal,[2] and in such instances, the "joined and served" language in Section 1441(b)(2) does not apply.

13. Section 1441(b)(2) states that removal in a diversity case is permitted "only when none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). However, courts have recognized that the "none" in that statement refers to the "parties in interest properly joined and served," which

---

[2] The fact of removal before service on any Defendant is not in dispute. *See* Supplemental Cover Sheet for Cases Removed from State Court, attached to USAU's Notice of Removal (noting at item 5 that none of the three Defendants herein had been served at the time of removal). The statement in USAU's Cover Sheet is consistent with the return of service affidavits executed by Plaintiff's process servers. *See* Plaintiff's Appendix, Exhibits "A" – "C," pp. 1-6.

implies that there is at least one defendant that has been properly joined and served. *Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361, 1369 (N.D. Ga. 2011). The *Hawkins* court explained:

> Otherwise, it makes no sense to examine whether "none" of these parties is "a citizen of the State in which such action is brought." In such a situation, the "none" would be superfluous because where no parties are served, it would be impossible for any party "joined and served" to be a "citizen of the State in which such action is brought." Since "[a] statute should be interpreted so that no words shall be discarded as meaningless, redundant, or mere surplusage," the plain meaning of the statute contemplates a situation where at least one defendant has been joined and served.

*Hawkins*, 785 F.Supp.2d at 1369.[3]

14.   Accordingly, when no party in interest has been served, removal is improper under the plain language of Section 1441 because the court would be unable to adequately complete the inquiry required under § 1441(b). *See id.* ("If defendant had been served, then there would have been at least one party in interest that was joined and served, and the court would then proceed to ask whether "none" of the parties in interest were residents of the state where the suit was brought."). When none of the defendants have been served, it would be impossible for the court to engage in this inquiry.

15.   Several other courts have reached the same conclusion, albeit by taking slightly different paths. In *Holmstrom v. Harad*, the court faced an issue virtually identical to the one presented here – "whether, under § 1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared." *Holmstrom v. Harad*, No. 05–C–2714, *available at* 2005 WL 1950672, at *1 (N.D.Ill. Aug. 11, 2005).

16.   The *Holmstrom* court began its analysis by pointing out that the "joined and served" requirement makes sense when one defendant has been served but the named forum

---

[3] The *Hawkins* court also recognized that allowing removal prior to service would similarly render the 30 day time limit on removal contained within § 1446(b) superfluous. *Hawkins*, 785 F.Supp. 2d at 1370. "If removal can be effected prior to service, it makes no sense for the removal deadline to begin to run after service of process." *Id.*

defendant has not because "a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant." *Id.* at *2.

17. However, the court explained that when no defendant has been served, the non-forum defendant stands on equal footing as the forum defendant because neither defendant in that scenario is obligated to appear in court, and the thirty-day time period for removal has not started to run. *Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)). In reaching the same conclusion as the *Hawkins* court, the *Holmstrom* court explained as follows:

> Once served, a defendant may immediately remove an otherwise removable case without regard to the unserved forum defendant, but the protection afforded by the "joined and served" requirement is wholly unnecessary for an unserved non-forum defendant. Given this, we will not apply the "joined and served" requirement here because no Defendant has been served. The citizenship of the unserved Illinois Defendants (i.e., the forum Defendants) therefore defeats removal at this stage. Plaintiff's motion to remand is granted.

*Id.*

18. A court in the Northern District of Texas reached the same conclusion in a case where, like here, none of the defendants were served at the time of removal. In *Recognition Comms., Inc. v. Am. Auto. Ass'n*, the removing defendants argued that a forum defendant's citizenship should not be considered when determining removability under Section 1441(b) because the plaintiff had not served the forum defendant at the time the removing defendants filed their notice of removal (virtually the same argument made here by USAU). *Recognition Comms., Inc. v. Am. Auto. Ass'n*, No. 3:97–CV–0945–P, 1998 WL 119528, at *2 (N.D.Tex. Mar. 5, 1998) (Solis, J.).

19. While the *Recognition Comms., Inc.* court found the removing defendants' argument "interesting," the Court ultimately disagreed and explained its reasoning as follows:

> Since no Defendant had been served or entered a voluntary appearance, the Court finds that all of the Defendants should have participated in the Notice of Removal. AJR is a citizen of Texas, however, and this case, which Plaintiff initially filed in Texas state court, could not be properly removed under Section 1441(b).

*Id.* at *3.[4] Accordingly, the court held that action should be remanded. *Id.*; *see also Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734-5 (N.D.Ill.2007).[5]

20. Here, none of the Defendants had been served at the time of removal. Accordingly, USAU was not permitted to remove this cause, and the Court should grant Plaintiff's Motion to Remand.

### ii. Adopting USAU's Interpretation and Application of Section 1441(b)(2) Would Lead to Illogical Results.

21. The Court should also remand this case because USAU's contention that removability turns on the timing of service of process would lead to illogical results contrary to those intended by Congress.

22. The rationale behind the forum defendant rule is that removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, and those concerns are absent when at least one defendant is a citizen of the state in which the case is brought. *Lively v. Wild Oats*, 456 F.3d 933, 940 (9th Cir.2006). In contrast, "the purpose of the forum-defendant rule is not to reward the surreptitious monitoring of the filing of

---

[4] *Recognition Comms., Inc.* was later cited with approval by another Court in the Northern District of Texas. *See Davis v. Cash*, No. Civ. 3:01-CV-1037-H, *available at* 2001 WL 1149355, at *3 (N.D. Tex. September 27, 2001) (Sanders, J.).

[5] In its Notice of Removal, USAU cites six cases in support of its contention that Bell's citizenship may be disregarded. Notably, in five of those cases, at least one defendant had been served at the time of removal. *See, e.g., Holmstrom*, 2005 WL 1950672, at * 1 (noting that the *McCall, Stan Winston Creatures, Inc.*, and *Ott* cases (cited at ¶ 8 of USAU's Notice of Removal, Dkt. 1) "all addressed a situation in which the removing defendant had either been served or had voluntarily appeared"). The same is true of the *Consol. Freightways Corp. of Delaware* and *Evans* cases relied upon by USAU. Plaintiff respectfully submits USAU's sixth case, *North*, is against the weight of the authority cited herein (including authority from this District); was decided prior to the *Hawkins* case; and does not comport with the rule in the Fifth Circuit that statutes conferring removal jurisdiction are strictly construed against removal.

complaints and subsequent race to the courthouse." *N.C. ex rel. Jones v. Pfizer, Inc.*, No. C 12-00531 WHA, *available at* 2012 WL 1029518, at * 4 (N.D. Cal. March 26, 2012) (emphasis added).[6]

23. Accordingly, Section 1441(b)(2) should not be interpreted to expand removal jurisdiction based on the timing of service, but rather as simply reflecting a Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid removal. *Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d 640, 644 (D.N.J.2008) ("The purpose of the 'properly joined and served' language is to prevent the abuse of the forum defendant rule by improper joinder (formerly referred to as fraudulent joinder).").

24. Likewise, Section 1441(b)(2) should not be applied to allow removal when doing so "would produce a result demonstrably at odds with Congressional intent underpinning the forum defendant rule," and would instead "promote [ ] gamesmanship on the part of removing defendants." *Ethington v. General Elec. Co.*, 575 F.Supp.2d 855, 864 (N.D.Ohio 2008); *Standing v. Watson Pharm., Inc.*, No. CV09-0527, *available at* 2009 WL 842211, at *3 (C.D.Cal. March 26, 2009); *Sullivan*, 575 F.Supp.2d at 645; *see also Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361, 1378 (N.D. Ga. 2011).[7]

25. Further, in analyzing the history and legislative intent behind Section 1441(b)(2), courts have found: (1) that USAU's likely conduct (*i.e.* electronic docket monitoring and removal before service) could not possibly have been foreseen by Congress when it enacted the

---

[6] "...it has been the law in [the 9th Circuit] for many years that '[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.'") (brackets in original) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.1969)).

[7] *See also Oxendine v. Merck and Co., Inc.*, 236 F.Supp.2d 517, 526 (D.Md.2002) ("removability can not rationally turn on the timing or sequence of service of process").

current version of the statute; and (2) the statute was <u>not</u> enacted to reward defendants for conducting and winning a race to remove prior to service:

> Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by, *inter alia*, electronically monitoring state court dockets. Thus, Congress would have had no thought to wording the statute with this modern problem in mind.
>
> …
>
> It is beyond dispute that the Eightieth Congress, sitting in 1948, could not possibly have foreseen the development of electronic docket monitoring and the technologically-advanced facts of this opinion. As a matter of common sense, the court is confident, beyond any doubt, that Congress did not add the "properly joined and served" language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process. The court cannot imagine what Congressional policy goal – and Novartis [the removing defendant], here, has offered no example – which would be furthered by rewarding defendants for such gamesmanship. As described, supra, the *Pullman* Court, addressing a different nuance of the same issue, declared that such a race to remove was not to be encouraged.

*Sullivan*, 575 F.Supp.2d at 645-46 (discussing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334 (1939).[8]

      26.    As explained in the cases cited above, USAU's position and conduct is demonstrably at odds with the historical underpinnings of the forum defendant rule. Plaintiff's Petition named a forum defendant, Bell. Bell was served with process (in fact, Bell was served

---

[8] In *Pullman Co. v. Jenkins,* (which was decided prior to the current enactment of Section 1441(b)(2)), the Supreme Court affirmed the rule that a non-resident defendant could not remove an action in which a forum defendant was named, even if the forum defendant had not been served with process. 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334 (1939). Although the Court's decision left open removal based upon improper joinder of a forum defendant, the Court explained that improper joinder could be prevented by a demonstration that "the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." *Id.* The competing policies the Court had to balance were whether "the non-resident defendant may be prejudiced because his co-defendant may not [ever] be served," and preventing the non-resident defendant from seizing the "opportunity to remove the cause before service upon the resident co-defendant is effected." *Id.* The Court chose to further the latter policy, refusing to allow removal merely because the forum defendant had yet to be served. *Id.* The reasoning of the *Pullman* Court is consistent with the result Plaintiff advocates here.

before USAU); Bell has appeared; and there have been no allegations of fraudulent or improper joinder by any defendant.

27.　Yet, if Plaintiff's Motion to remand is denied, USAU will have been permitted to remove a case by virtue of its surreptitiously monitoring new cases filed in the state court and hastily filing a defective Notice of Removal prior to any Defendant being served. This is not the result intended by Congress when it enacted Section 1441(b)(2). *See Sullivan*, 575 F.Supp.2d at 645; *Vivas*, 486 F.Supp.2d at 734 ("Combining the permission granted in 28 U.S.C. § 1446(b) for defendants to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) to allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress's intent.").[9] Accordingly, Plaintiff requests the Court remand this case to the court from which it was removed.

C.　**The Court Should Remand this Case in the Event USAU Fails to File an Amended Notice of Removal Adequately Alleging Grizzly's Citizenship.**

28.　As set forth in the Court's April 26, 2012 Order, "[w]hen jurisdiction is based on diversity of citizenship, pleadings to establish diversity must set forth with specificity the citizenship of the parties." *See* Dkt. 12, p. 1 (citing *Stafford v. Mobile Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)).

---

[9] The result would be even more illogical given that USAU's Notice of Removal (filed prior to service on any Defendant) was deficient, and Bell has since been served and appeared. *See also Allen v. GlaxoSmithKline PLC*, No. 07-5045, *available at* 2008 WL 2247067, at * 4 (E.D. Pa. May 30, 2008) ("…the intent behind the 'joined and served' requirement is to avoid gamesmanship by preventing plaintiffs from joining forum defendants merely to preclude federal jurisdiction. Given this intent, it would be especially absurd to interpret the same 'joined and served' requirement to actually condone a similar kind of gamesmanship from defendants-removing before service…").

Brief in Support of Plaintiff's Motion to Remand　　　　　　　　　　　　　　　　　　　　　Page 12
336471

29. In determining a party's citizenship for purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of each of its members. *See id.* at p. 2 (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.2d 1077, 1080 (5th Cir. 2008)).

30. In its Notice of Removal, USAU stated that Grizzly is a "corporation organized and existing under the laws of the State of Montana" and that Grizzly "is a citizen of the state of Montana with its principal place of business in Montana." *See* Dkt. 1, p. 3.

31. As the Court quickly recognized, USAU's allegations would be adequate of Grizzly were a corporation. *See* Dkt. 12, p. 2. However, Grizzly is not a corporation; it is a limited liability company. Therefore, USAU must adequately allege the citizenship of each of Grizzly's members in order to adequately allege Grizzly's citizenship. *See id.* (citing *Harvey*, 542 F.3d at 1080).[10]

32. Accordingly, to the extent USAU fails to file an amended notice of removal that properly alleges the citizenship of Grizzly by May 11, 2012, as the Court ordered, Plaintiff requests the Court remand this cause to state court from which it was removed pursuant to the Court's April 26, 2012 Order.

WHEREFORE, premises considered, Plaintiff respectfully requests the Court remand this action to the 352nd Judicial District Court of Tarrant County, Texas and grant Plaintiff such other and further relief to which it may be justly entitled.

---

[10] Grizzly has since filed a Certificate of Interested Persons, which states that Grizzly has a parent company – Wypt Holding Company. *See* Dkt. 14, p. 2. However, there is no indication of what type of entity Wypt Holding Company is or whether it has members or partners.

                Respectfully submitted,

---

Christopher A. Robison
Texas State Bar No. 24035720
**PASSMAN & JONES, P.C.**
1201 Elm Street, Suite 2500
Dallas, Texas 75270
(p) 214-742-2121/(f) 214-748-7949
robisonc@passmanjones.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 3, 2012, a true and correct copy of the foregoing was served on counsel for Defendants as set forth below:

| | |
|---|---|
| Stephen C. Howell<br>BROWN, DEAN, WISEMAN, PROCTOR,<br>  HART & HOWELL, L.L.P.<br>306 West 7th Street<br>Fort Worth Club Bldg., Suite 200<br>Fort Worth, Texas 76102 | Via First Class, U.S. Mail |
| J Frank Kinsel, Jr<br>CANTEY HANGER, LLP<br>600 W. 6TH ST. #300<br>Fort Worth, Texas 76102 | Via First Class, U.S. Mail |
| Charles H. Smith<br>SMITH & MOORE<br>3030 Lincoln Plaza<br>500 North Akard Street<br>Dallas, Texas 75201-6606 | Via First Class, U.S. Mail |

---

Christopher A. Robison

Respectfully submitted,

*/s/ Christopher A. Robison*

Christopher A. Robison
Texas State Bar No. 24035720
**PASSMAN & JONES, P.C.**
1201 Elm Street, Suite 2500
Dallas, Texas 75270
(p) 214-742-2121/(f) 214-748-7949
robisonc@passmanjones.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 3, 2012, a true and correct copy of the foregoing was served on counsel for Defendants as set forth below:

| | |
|---|---|
| Stephen C. Howell<br>BROWN, DEAN, WISEMAN, PROCTOR,<br>  HART & HOWELL, L.L.P.<br>306 West 7th Street<br>Fort Worth Club Bldg., Suite 200<br>Fort Worth, Texas 76102 | Via First Class, U.S. Mail |
| J Frank Kinsel, Jr<br>CANTEY HANGER, LLP<br>600 W. 6TH ST. #300<br>Fort Worth, Texas 76102 | Via First Class, U.S. Mail |
| Charles H. Smith<br>SMITH & MOORE<br>3030 Lincoln Plaza<br>500 North Akard Street<br>Dallas, Texas 75201-6606 | Via First Class, U.S. Mail |

*/s/ Christopher A. Robison*

Christopher A. Robison